Munley Law, PC
The Forum Plaza - 227 Penn Avenue
Scranton, PA 18503
570-346-7401

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDRA KOBRICK | : | |
| 330 McKinley Ave. | : | |
| Jermyn, PA 18433 | : | No. |
|         Plaintiff | : | |
|     vs. | : | |
| | : | |
| MATTHEW STEVENS | : | JURY TRIAL DEMANDED |
| 139 Yarns Road | : | |
| Forest City, PA 18421 | : | |
| LAKELAND SCHOOL DISTRICT | : | |
| 1355 Lakeland Dr. | : | |
| Scott Township, PA  18433 | : | |
| WESTERN WAYNE SCHOOL | : | |
| DISTRICT | : | |
| 1970C Easton Turnpike | : | |
| Lake Ariel, PA 18436 | : | |
| DR. MARGARET BILLINGS-JONES | : | |
| c/o Lakeland School District | : | |
| 1355 Yarns Road | : | |
| Forest City, PA 18421 | : | |
| THOMAS KAMEROSKI | : | |
| c/o Lakeland School District | : | |
| 1355 Yarns Road | : | |
| Forest City, PA 18421 | : | |
| ANDREW FALONK | : | |
| c/o Western Wayne School District | : | |
| 1970C Easton Turnpike | : | |
| Lake Ariel, PA 18436 | : | |
| PATRICK SHEEHAN | : | |
| c/o Western Wayne School District | : | |
| 1970C Easton Turnpike | : | |
| Lake Ariel, PA 18436 | : | |
|         Defendants | : | |

## COMPLAINT

NOW comes Plaintiff, by and through her undersigned counsel, Munley Law, P.C., and avers as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives district court jurisdiction over all civil actions arising under the Constitution, laws and treaties of the United States.

2. This Court further has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which provides the District Courts of the United States original jurisdiction over civil actions commenced by any person to redress the deprivation under color of any state law, statute, ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Constitution of the United States, or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and pursuant to this section, the District Courts also have original jurisdiction over any civil action instituted to recover damages or obtain equitable relief or any other relief under any Act of congress providing for the protection of civil rights.

3. This Court further has jurisdiction over this action pursuant to 28 U.S.C. § 1367(a) which provides this Court with supplemental jurisdiction over the claims to which the law of the Commonwealth of Pennsylvania apply, as these claims arise out of the same nucleus of facts and form the same case or controversy as the claims set forth under 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as more fully set forth herein.

4. This is an action to redress the deprivation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 and to redress quid pro quo

and hostile educational environment sexual harassment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as more fully set forth herein. Plaintiff also files this action to recover for state law claims arising under the Pennsylvania Constitution and Pennsylvania common law, all of which arise out of the same common nucleus of facts of the aforementioned claims under § 1983 and Title IX.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), since all defendants reside in this district and the events giving rise to the claims occurred in this district.

THE PARTIES

6. Plaintiff Alexandra Kobrick, is a competent, adult individual whose home address is located at 330 McKinley Avenue, Jermyn, PA 18433.

7. Defendant Matthew Stevens is a competent adult individual residing at 139 Yarns Road, Forest City, PA 18421.

8. Defendant Lakeland School District is a political subdivision as that term is defined in the Political Subdivision Tort Claims Act (Tort Claims Act), 42, Pa. C.S. §§ 8541-8542. The School District is organized and in existence pursuant to the laws of the Commonwealth of Pennsylvania and receives federal assistance. Defendant Lakeland School District has a business address of 1355 Lakeland Dr., Scott Township, PA, 18433.

9. Defendant Western Wayne School District is a political subdivision as that term is defined in the Political Subdivision Tort Claims Act (Tort Claims Act), 42, Pa. C.S. §§ 8541-8542. The School District is organized and in existence pursuant to the laws of the Commonwealth of Pennsylvania and receives federal assistance. Defendant Western Wayne School District has a business address of 1970C Easton Turnpike, Lake Ariel, PA, 18436.

10. Defendant Andrew Falonk was at all times relevant hereto the Superintendent of Defendant Western Wayne School District.

11. Defendant Patrick Sheehan was at all times relevant hereto the Principal of Defendant Western Wayne School District.

12. Defendant Dr. Margaret Billings-Jones was at all times relevant hereto the Superintendent of Defendant Lakeland School District.

13. Defendant Thomas Kameroski was at all times pertinent hereto the Principal of Lakeland High School.

14. Defendant Matthew Stevens was at all times pertinent hereto a music teacher/band director for Lakeland High School.

15. Defendant Matthew Stevens was at all times pertinent hereto previously a music teacher/band director for Western Wayne High School.

16. At all relevant times hereto, all individual Defendants were acting in their individual and official capacities and under color of the law of the Commonwealth of Pennsylvania.

17. Upon information and belief, all individual Defendants were and still are residents of the Commonwealth of Pennsylvania.

18. At all times pertinent hereto Defendant Lakeland School District hired, employed and supervised Defendant Matthew Stevens as a music teacher/band director.

19. In approximately 2010, prior to Defendant Matthew Stevens being hired and employed by Defendant Lakeland School District, Defendant Stevens was employed, hired and supervised as a music teacher and/or band director by Defendant Western Wayne School District, Western Wayne School District's administration/faculty including Defendant Andrew Falonk

and Defendant Patrick Sheehan.

20. At the time of the incidents described herein in 2011-2012, Defendant Matthew Stevens was acting within the course and scope of his employment and/or agency with the Defendant Lakeland School District in his capacity as a music teacher/band director at Lakeland Junior/Senior High School.

21. At the time of the incidents described herein, Plaintiff Alexandra Kobrick, was a minor and a student attending Lakeland High School, a public educational institution within the Defendant Lakeland School District situate in Lackawanna County, Pennsylvania.

22. At all relevant times hereto, the individual Defendants, Billing-Jones and Kameroski, had the duty and authority to effectuate the policies and customs of the Defendant, Lakeland School District and to implement and execute all federal, state and district laws, regulations and/or policies relevant and necessary for the operation of a public school.

23. At all times relevant hereto, Defendant Lakeland School District and Defendant Western Wayne School District were implementing and executing their policies and customs in regard to the events set forth within this Complaint such that the same resulted in the deprivation of Plaintiff's constitutional, statutory and common law rights.

24. Defendant Lakeland School District and Defendant Western Wayne School District were responsible to ensure that all School District employees were/are properly trained and supervised in the course of their employment relationship with the School District.

25. Defendant Lakeland School District and Defendant Western Wayne School District were responsible for all acts and omissions of all School District employees.

FACTUAL BACKGROUND

26. Paragraphs 1-25 above are incorporated herein by reference as if fully set forth here at length.

27. At all times relevant hereto, all Defendants acted under color of state law.

28. Plaintiff Alexandra Kobrick was enrolled as a student at Lakeland Junior-Senior High School during the 2011-2012 school year.

29. At all relevant times hereto, Plaintiff was a female and a minor, and was a member of a protected class under the law.

30. It is believed and therefore averred that the Defendant Matthew Stevens was hired by the Defendant Lakeland School District as a music teacher and/or band director for the Lakeland Junior/Senior High School District commencing with the school year 2010-2011.

31. It is believed and therefore averred that prior to his hire and employment with the Defendant Lakeland School District, Defendant Stevens was hired, employed and supervised by Defendant Western Wayne School District as a teacher and/or band director.

32. At all relevant times hereto, Plaintiff Alexandra Kobrick was a participant in the band and a student of Defendant Matthew Stevens at Lakeland Junior-Senior High School.

33. In or about December, 2011-January, 2012, Defendant Matthew Stevens sent Plaintiff Alexandra Kobrick a series of inappropriate text messages of a sexual and flirtatious nature.

34. By January, 2012, the relationship between Defendant Stevens and Plaintiff became physically sexual in nature.

35. In January, 2012, Defendant Stevens and Plaintiff were alone in Defendant Stevens' office when Defendant Stevens kissed Plaintiff and instructed Plaintiff that she should tell no one

else about the contact.

36. After these initial sexual advances occurred, Defendant Stevens would thereafter take Plaintiff into a "drum closet" in the band area on the premises at Lakeland Junior-Senior High School and would engage in sexual contact with the Plaintiff, who was a minor and his student at the time.

37. Defendant Stevens continued the sexual advances, which included Stevens touching Plaintiff's breasts and genitalia both over and under her clothing, digitally penetrating Plaintiff's vagina, performing oral sex on Plaintiff, and directing and having Plaintiff to perform oral sex on him. Such sexual contact occurred in the drum closet, back stage in the auditorium and other locations on Defendant Lakeland School District property.

38. Defendant Stevens' abuse of the Plaintiff occurred during school hours and when Plaintiff stayed after school on the premises owned, controlled and maintained by Defendant Lakeland School District. The inappropriate activity and abuse continuously occurred approximately 2-3 times per week from January 2012 until the end of the school year, and beyond.

39. On at least one occasion, the Principal of Lakeland Junior-Senior High School, Defendant Thomas Kameroski, was present in Defendant Stevens' office with Stevens and the Plaintiff and did observe Defendant Stevens having inappropriate physical contact with Plaintiff.

40. Defendant Kameroski took no action to intervene or stop Defendant Stevens from having such inappropriate physical contact with this female minor student nor did he take any action to protect Plaintiff, a minor female student, from said harm and abuse.

41. Defendants Lakeland School District, Kameroski and Billings-Jones took no action

to prevent/stop Defendant Stevens from having inordinate and suspicious contact with Plaintiff and/or protect Plaintiff from Defendant Stevens, despite the fact that they knew or should have known of the contact and relationship of Defendant Stevens with Plaintiff, a minor female student, and that the contact and relationship between Defendant Stevens and Plaintiff, the minor student, were both inappropriate in nature and occurring regularly.

42.  On numerous other occasions, during school hours and during classtime, in the 2011-2012 school year, Defendant Stevens would be openly together with Plaintiff on school premises in sight of Defendant, Lakeland School District personnel, spending inappropriate and unusually excessive amounts of time together, with the approval by Defendant School District teachers for Plaintiff to leave her assigned classes for this  unscheduled time with Defendant Stevens. Defendants Lakeland School District, Kameroski and Billings-Jones, took no action to stop other teachers allowing Plaintiff, a minor student, leave her regularly scheduled classes to openly join Defendant Stevens on school premises for this unscheduled, inappropriate, non-class, non-instructional time together..

43.  In February 2013, Plaintiff reported the events to her mother after observing Defendant Stevens having similar, openly inappropriate contact with another minor female student at Defendant Lakeland High School and on its premises.

44.  Plaintiff's mother thereupon complained about this abuse and misconduct to the Defendant Lakeland School District through Defendant School District's superintendent.

45.  At this time, Plaintiff also reported Defendant Stevens' misconduct to the Lackawanna County District Attorney's Office and police in Lackawanna County, Pennsylvania.

46.  Thereafter, the Lackawanna County District Attorney's Office filed criminal charges

against Defendant Stevens on February 15, 2013, which included Institutional Sexual Assault (18 Pa. C.S. 3124.2 (A.2)), Contact/Communication with a Minor-Sexual Offenses (18 Pa. C.S. 6318 (A)(1) and Corruption of a Minor (18 Pa. C.S. 6301(a)).

47.  Upon information and belief, Defendant Lakeland School District, Defendant Margaret Billings-Jones, Defendant Thomas Kameroski, knew or should have known of Defendant Stevens' inappropriate conduct with the minor Plaintiff and should have taken some action , yet were recklessly and deliberately indifferent to the need to: adequately monitor Defendant Stevens and protect female students from such inappropriate relationships with teachers while such students were minors and within the care, custody and control of Defendants; supervise Defendant Stevens; investigate the inappropriate conduct; protect Plaintiff; remove and/or suspend Defendant Stevens; and/or to train Defendant Stevens and/or school district employees on how to maintain/protect/preserve minor students to prevent sexual harassment in the form of sexual advances and sexual contact from occurring, including that which occurred to the Plaintiff.

48.  Despite being aware of Defendant Stevens' inappropriate conduct with minor female students, including Plaintiff, Defendant Lakeland School District, Defendant Billings-Jones or Defendant Kameroski failed to take any action to: supervise Defendant Stevens; investigate the inappropriate conduct; protect Plaintiff; remove and/or suspend Defendant Stevens; and/or train Defendant Stevens and/or school district employees on how to maintain/protect/preserve minor students to prevent sexual harassment in the form of sexual advances and sexual contact and/or prevent the abuse by Defendant Stevens of Plaintiff, a minor female student.

49. Upon information and belief, prior to being hired by Defendant Lakeland School

District, Defendant Stevens had engaged in similar inappropriate sexual conduct and/or had an inappropriate relationship with at least one other minor female student while employed at Defendant Western Wayne High School on or about the premises of Defendant Western Wayne High School and/or other premises owned, controlled and/or operated by the Defendant Western Wayne School District.

50. Upon information and belief, Defendant Western Wayne School District was aware of and/or should have been aware of Defendant Stevens' inappropriate relationship and/or sexual conduct with a minor female student during his employment with Defendant Western Wayne School District.

51. Despite this knowledge, Defendant Western Wayne School District took no action against Defendant Stevens and, pursuant to a district policy and/or custom, did not inform prospective employers, including Defendant Lakeland School District, of this misconduct with minor female students and/or Defendant Stevens' propensity to have inappropriate relationships with minor female students, and at all times relevant hereto, Defendant Western Wayne School District, Defendant Andrew Falonk, and Defendant Patrick Sheehan were aware of and recklessly and deliberately indifferent to the need to adequately monitor and protect female students from such inappropriate relationships with teachers while the students were then minor and within the Defendants' exclusive care, custody and control, and said Defendants acted without due care in failing to do so. Said Defendants were also recklessly and deliberately indifferent to the need to advise other school districts who were interested in hiring its teachers of the its teacher(s)' inappropriate relationship and/or sexual conduct with minor female student during the teacher(s)' employment with Defendant Western Wayne School District.

52. Defendant Lakeland School District knew or should have known of Defendant Stevens' propensity for inappropriate relationships with female students and his earlier inappropriate relationship and inappropriate conduct with a female student at Western Wayne High School before Defendant Lakeland School District hired Defendant Stevens to teach high school students, and did nothing in its hiring and investigation of this prospective teacher to protect students like the Plaintiff from such propensity and conduct.

53. Defendant Lakeland School District did not have in place a policy/procedure that would allow the district to obtain such information about a prospective teacher and to do an appropriate and thorough background check, including policies/procedures to properly investigate and review teachers the district planned to hire.

54. Defendants Lakeland School District and Western Wayne School District each had a policy and/or custom of ignoring signs of inappropriate relationships between minor students and teachers, and of failing to investigate situations where inappropriate conduct by a teacher was suggested and/or suspected and/or evident.

55. At all times relevant hereto, Defendant Lakeland School District, Defendant Margaret Billings-Jones, Defendant Thomas Kameroski, Defendant Western Wayne School District, Defendant Andrew Falonk, and Defendant Patrick Sheehan were aware of, and recklessly and deliberately indifferent to, the need for additional or different training, testing, rules, regulations, policies, procedures, guidelines, directives, monitoring of, supervision of, and investigation relating to, personal relationships between students and teachers.

56. At all times relevant hereto, Defendant Lakeland School District, Defendant Margaret Billings-Jones, Defendant Thomas Kameroski were aware of, and recklessly and

deliberately indifferent to, the need to adequately monitor and protect the Plaintiff while she, then a minor, was within the Defendants' exclusive care, custody and control, and acted without due care in failing to do so.

57.  Plaintiff's life is severely and permanently damaged as a result of the harm and abuse that she suffered due to Defendant Stevens' conduct, which was exacerbated due to the remaining Defendants' failure to: investigate Defendant Stevens' misconduct and/or inappropriate/ questionable/suspicious behavior; prevent and stop Defendant Stevens' misconduct and/or inappropriate/ questionable/suspicious behavior; prevent Defendant Stevens from being hired at Defendant Lakeland School District; take immediate action against Defendant Stevens; and/or provide a safe and secure environment for Plaintiff, all of which Plaintiff believes and therefore avers that remaining Defendants knew or should have known of.

58.  The sexual assaults on the Plaintiff, who was a minor and a student in Defendants' care, custody and control, were the direct and proximate result of the recklessness and deliberate indifference of Defendant Lakeland School District, Defendant Dr. Margaret Billings-Jones, Defendant Thomas Kameroski, Defendant Western Wayne School District, Defendant Andrew Falonk and Defendant Patrick Sheehan.  Such recklessness and deliberate indifference included the following:

        a.      failing to provide appropriate observation and supervision of Plaintiff, who was then a minor, while with Defendant Stevens, who Defendants knew or should have known had a propensity and/or reputation for inappropriate relations with Plaintiff and/or other female students;

        b.      inadequate hiring of teachers such as Defendant Stevens who were not

qualified to work with minor female students, without doing proper

investigation as to qualification for working with minor female students;

c.      failing to disclose and/or warn other school districts and faculty, which

may have been seeking to hire and/or interview Defendant Stevens, of his

propensity for spending extraordinary and inappropriate time and/or

having inappropriate relationships with minor female students;

d.      failing to take timely action, and failing to notify the authorities, such as

their school boards, law enforcement, child protective and/or public

welfare services, about any extraordinary and/or inappropriate

relationships of teachers with minor female students to prevent further

harm to those minors;

e.      failing to warn parents, students and others of Defendant Stevens'

propensity to spend extraordinary time with, and/or inordinate time with,

and/or have inappropriate contact with students, including Plaintiff, and

not preventing same;

f.      failing to conduct appropriate background checks on staff, including

teachers such as Defendant Stevens, prior to hiring;

g.      failing to do a full and appropriate investigation, vetting and evaluation of

Defendant Stevens prior to hiring him;

h.      failing to recognize the inappropriate contacts and conduct by Defendant

Stevens with Plaintiff and not intervening to prevent/stop same;

i.      failing to prevent Defendant Stevens from coming into contact with

Plaintiff and from abusing/assaulting Plaintiff while she was in Defendants' care, custody and control;

j.    failing to take steps to intervene and stop Defendant Stevens from engaging in an inappropriate relationship with Plaintiff and/or spending extraordinary and inappropriate amounts of time and improper behavior with Plaintiff;

k.    failing to take steps to protect Plaintiff from persons like Defendant Stevens while she was in the care, custody and control of Defendants;

l.    failing to take appropriate steps to remove and/or suspend Defendant Stevens from teaching and/or having contact with minor students and/or being present on Defendants' premises, when Defendant Stevens had engaged in inappropriate relationships and/or sexual conduct with minor female students and/or committed assaults on those students, including Plaintiff;

m.    failing to use appropriate monitoring systems to ensure the protection of minor female students, including Plaintiff;

n.    failing to properly train school staff including but not limited to teachers, administrators and other employees and staff, to recognize and prevent inappropriate relationships between teachers and students;

o.    allowing teachers, including Defendant Stevens, to engage in inappropriate and/or sexual relationships and contact with students;

p.    failing to observe, enforce, follow and/or implement policies and

procedures developed by the school districts and the federal and state departments of education for the handling and monitoring of relationships between students and teachers in order to prevent inappropriate relationships from forming, thus creating a policy, practice and/or custom of such failings within the school districts;

q.    allowing a hostile educational environment and sexual harassment of a minor female student(s) by a teacher to occur and continue on school premises;

r.    allowing Defendant Stevens to have interaction with students, including Plaintiff, when they knew or should have known that Defendant Stevens would harm and/or have inappropriate sexual contact or relationships with such minor female students while they were within the care, custody and control of Defendants;

s.    failing to follow, observe, enforce and/or implement School District policies and procedures relating to safe and secure supervision, monitoring and protection of students, by leaving Defendant Stevens unsupervised, unattended and unmonitored with minor female students when he had a history of, and/or a known propensity for, inappropriate relationships and contact with minor female students;

t.    failing to intervene or investigate after the Defendant School Districts obtained knowledge of and/or information concerning possible inappropriate relations between Defendant Stevens and minor female

students, including Plaintiff;

u.  failing to provide appropriate resources to staff, including teachers, administrators and/or other staff, to recognize inappropriate contact and/or prevent sexual assault and inappropriate sexual relationships between students and teachers;

v.  failing to create, adopt, follow, enforce and/or implement appropriate policies/procedures to ensure that a relationship like the one between Plaintiff and Defendant Stevens would not form;

w.  failing to create, adopt, follow, enforce and/or implement appropriate policies/procedures to ensure that a person such as Defendant Stevens would not be working on Defendants' premises; and

x.  failing to create, adopt, follow, enforce and/or implement any proper policies and procedures to prohibit inappropriate relationships between teachers and students.

y.  failing to supervise Defendant Stevens; investigate Defendant Stevens' inappropriate conduct; protect minor female students, including Plaintiff; remove and/or suspend Defendant Stevens; and/or train Defendant Stevens and/or school district employees on how to maintain/protect/preserve minor students to prevent sexual harassment in the form of sexual advances and sexual contact and/or prevent the abuse by Defendant Stevens of minor female students, including Plaintiff.

z.  failing to act and investigate the sexual advances and/or abuse by

Defendant Stevens of minor female high school students, including
Plaintiff, who were not capable of welcoming and/or consenting to
inappropriate sexual contact/conduct by Defendant Stevens, which was
made possible by grooming and manipulating female students, including
Plaintiff, through extraordinary time with and intimate contact/conduct
with him.

aa.    failing to act upon Defendant Stevens' extraordinary and inappropriate
amounts of time spent with and/or his inappropriate relationship with
and/or sexual contact/conduct with and/or abuse/assault on minor female
students, including Plaintiff, thus making possible and/or allowing by the
support and/or ratification and/or inaction of the above-named Defendants
as detailed in the foregoing paragraphs, the abuse of minor female
students, including plaintiff, all of whom share in the liability therefore.

COUNT ONE

Alexandra Kobrick v. Matthew Stevens

Civil Rights-42 U.S.C. §1983

59.  Paragraphs 1-58 above are incorporated herein by reference as if fully set forth here
at length.

60.  Under the Due Process Clause of the Fourteenth Amendment, Plaintiff had the right
as a public school student to personal security and bodily integrity.

61.  Under the Due Process Clause of the Fourteenth Amendment, Plaintiff had the right
to be free from sexual abuse at the hands of public school employees such as Defendant Stevens.

62. Under the Due Process Clause of the Fourteenth Amendment, Plaintiff had the right to be free from illegal seizures.

63. The conduct of Defendant Matthew Stevens, a state actor, as set forth above, acting under color of state law, amounted to an invasion of Plaintiff's constitutional right to personal security through sexual abuse and violated her constitutional right to bodily integrity.

64. The conduct of Defendant Matthew Stevens, a state actor, therefore violated Plaintiff Alexandra Kobrick's constitutional right to substantive due process pursuant to the 4th, 5th and 14th Amendments to the United States Constitution and as remediable by 42 U.S.C. §1983.

65. The conduct of Defendant Matthew Stevens, a state actor, therefore violated Plaintiff Alexandra Kobrick's constitutional right to be free from illegal seizures of Plaintiff Alexandra Kobrick and violated her rights as a public school student to personal security and bodily integrity by making a series of sexual advances toward her and by committing a series of sexual acts upon her.

66. As a result of the aforesaid conduct, Plaintiff has suffered severe and permanent psychological damage, physical harm and emotional distress as a direct and proximate result of Defendant Matthew Stevens' sexual misconduct.

67. As a direct and proximate result of the violations of the Plaintiff's civil rights, she was caused to suffer the harm which has been previously stated herein.

WHEREFORE, Plaintiff demands judgment against Defendant Matthew Stevens, jointly and severally, in an amount in excess of $75,000.00 plus interest and costs, which sum includes, but is not limited to:

        a.      All Compensatory damages permitted under the law;

b.     Punitive damages;

c.     All damages recoverable under 42 U.S.C. §1983 and otherwise, including interest, costs and attorneys fees; and

d.     All other damages and relief as is deemed necessary and equitable by the Court and/or jury presiding over this case.

### COUNT TWO

Alexander Kobrick v. Matthew Stevens

Assault

68.  Paragraphs 1-67 above are incorporated herein by reference as if fully set forth here at length.

69.  The conduct of Defendant Matthew Stevens, as described above, including engaging in sexual conduct with a minor female student he was assigned to supervise and protect from harm, violated Pennsylvania law and government regulations governing the conduct of teachers, and therefore placed Plaintiff in jeopardy of, and did cause her to suffer, harmful and/or offensive conduct at the hands of Defendant.

70.  Plaintiff was thereby put in immediate apprehension of such harmful and/or offensive conduct.

71.  As a result of Defendant Matthew Stevens' conduct in placing Plaintiff in immediate jeopardy of, and actually causing her to sustain harmful and/or offense conduct and/or apprehension of harmful or offensive conduct, Plaintiff has suffered such harm as has been previously stated herein.

72.  Defendant Stevens is therefore liable to Plaintiff for assault.

WHEREFORE, Plaintiff demands judgment against Defendant Matthew Stevens, jointly and severally, in an amount in excess of $75,000.00 plus interest and costs, which sum includes, but is not limited to:

a.    All Compensatory damages permitted by the law;

b.    Punitive Damages;

c.    All damages recoverable including attorney's fees, interest and costs; and

d.    All other damages and relief as is deemed necessary and equitable by the Court and/or jury presiding over this case.

## COUNT THREE

### Alexandra Kobrick v. Matthew Stevens

#### Battery

73. Paragraphs 1-72 above are incorporated herein by reference as if fully set forth here at length.

74. The conduct of Defendant Matthew Stevens, as set forth above, including engaging in illegal and inappropriate sexual relations with Plaintiff, constituted harmful and offensive contact.

75. As a result of Defendant Matthew Stevens' harmful and offensive contact with Plaintiff, a minor female student, Plaintiff has suffered such harm as has been previously stated herein.

76. Defendant Matthew Stevens is therefore liable to Plaintiff for battery.

WHEREFORE, Plaintiff demands judgment against Defendant Matthew Stevens, jointly and severally, in an amount in excess of $75,000.00 plus interest and costs, which sum includes,

but is not limited to:

    a.      All Compensatory damages permitted by Pennsylvania law;

    b.      Punitive Damages;

    c.      All damages recoverable including attorney's fees, interest and costs; and

    d.      All other damages and relief as is deemed necessary and equitable by the

Court and/or jury presiding over this case.

**COUNT FOUR**

Alexandra Kobrick v. Defendants Dr. Margaret Billings-Jones,

Thomas Kameroski and Lakeland School District

Civil Rights-42 U.S.C. § 1983

77. Paragraphs 1-76 above are incorporated herein by reference as if fully set forth here at length.

78. Pursuant to the Due Process Clause of the Fourteenth Amendment, Plaintiff had the right as a public school student to personal security and bodily integrity.

79. Pursuant to the Due Process Clause of the Fourteenth Amendment, Plaintiff had the right to be free from sexual misconduct and/or abuse at the hands of an employee of the public school such as Defendant Stevens.

80. Under the Fourteenth Amendment, Plaintiff had the right to be free from illegal seizures.

81. Defendants Billings-Jones and Kameroski, both state actors, subjected Plaintiff to violations of her Constitutional right as a public school student to personal security and bodily integrity as well as her right to be free from sexual misconduct and abuse at the hands of an

Page 20 of  40

employee of the public school such as Defendant Stevens.

82. In subjecting Plaintiff to these violations, Defendants, as state actors, failed to investigate Defendant Stevens' conduct, failed to adequately supervise Defendant Stevens; failed to suspend or fire Defendant Stevens; failed to adequately train Defendant Stevens and other school district personnel on how to maintain/protect/preserve minor students to prevent sexual harassment in the form of sexual advances and sexual contact by teachers and/or prevent/stop the abuse by Defendant Stevens of minor female students, including Plaintiff; and in so doing manifested a deliberate indifference to the adverse effect of Defendant Stevens' misconduct and the effect of same upon students, including Plaintiff.

83. Plaintiff avers that the Defendant Lakeland School District had and has unconstitutional customs and policies of failing to investigate evidence of public school district employees' misconduct and abuse against school district students in the nature of violations of their right to personal security, bodily integrity, as well as their right to be free from sexual misconduct and abuse, and failing to adequately supervise and train school district employees with regard to maintaining, preserving and protecting students from violations of their right to personal security and bodily integrity.

84. The conduct of Defendant Lakeland School District, as set forth above, and Defendants Billing-Jones and Kameroski and other school district employees, acting under color of state law, in failing to put in place and enforce policies to adequately protect students from inappropriate conduct by teachers, was committed in deliberate and/or conscious disregard of the substantial and/or unjustifiable risk of causing harm to Plaintiff, and was so egregious as to shock the conscience. Said conduct was the cause of Plaintiff's harm.

85. The conduct as described above was committed pursuant to a municipal policy and/or custom.

86. Plaintiff avers that Defendant Lakeland School District and Defendants Billing-Jones and Kameroski and other school district employees followed these unconstitutional policies and/or customs with regard to herself as hereinafter set forth.

87. The conduct described above violated Plaintiff's constitutional right to substantive due process and her right to be free from invasion of her personal security and/or her right to bodily integrity, as guaranteed by the 4th, 5th and 14th Amendments to the United States Constitution and as remediable by 42 U.S.C. § 1983.

88. Defendants Billings-Jones and Kameroski and other school district employees are policy makers for the purpose of implementing Defendant Lakeland School District's policies and customs.

89. As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

WHEREFORE, Plaintiff demands judgment against Defendant Lakeland School District, jointly and severally, in an amount in excess of $75,000.00 plus interest and costs, which sum includes, but is not limited to:

a.    All Compensatory damages permitted by Pennsylvania law;

b.    All damages recoverable under 42 U.S.C. § 1983, including interest, costs and attorneys fees; and

c.    All other damages and relief as is deemed necessary and equitable by the Court and/or jury presiding over this case.

COUNT FIVE

Alexandra Kobrick v. Defendants Dr. Margaret Billings-Jones,

Thomas Kameroski and Lakeland School District

Title IX, 20 U.S.C.§ 1681

90. Paragraphs 1-89 above are incorporated herein by reference as if fully set forth here at length.

91. The conduct of Defendants Dr. Margaret Billings-Jones, Thomas Kameroski and Lakeland School District, as set forth above, in failing to take action to prevent Defendant Stevens' mistreatment of the Plaintiff when the Defendants Dr. Margaret Billings-Jones, Thomas Kameroski and Lakeland School District knew or should have known of Defendant Stevens' extraordinary amounts of time spent with and inappropriate conduct with Plaintiff, a minor female student, constituted deliberate indifference to a teacher's sexual harassment of a minor student. Said conduct was the cause of Plaintiff's harm.

92. The Defendants Dr. Margaret Billings-Jones, Thomas Kameroski and Lakeland School District created and/or permitted to continue the sexual harassment and hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C., Section 1681(a) (hereinafter "Title IX").

93. Pursuant to Title IX, Plaintiff was a member of a protected class.

94. As hereinbefore set forth, Plaintiff was subjected to sexual harassment in the form of sexual advances and actual sexual contact/conduct from Defendant Stevens.

95. Said harassment was based on Plaintiff's sex.

96. The sexual harassment as previously set forth herein unreasonably interfered with

Page 23 of 40

Plaintiff's performance as a student in school and created an intimidating, hostile and/or offensive environment which severely affected her well being, both physical and psychological.

97. Defendant Lakeland School District officials, Billings-Jones and Kameroski and other Defendant School District officials, knew or should have known of Defendant Stevens' extraordinary amounts of time spent with, and/or inappropriate behavior with, and/or misconduct with/to Plaintiff, had authority to investigate and remedy the situation on behalf of the School District, yet were deliberately indifferent thereto.

98. As a result of Defendants Dr. Margaret Billings-Jones, Thomas Kameroski and Lakeland School District's failure to properly act and/or investigate Defendant Stevens' conduct, Plaintiff was subjected to sexual harassment in the form of sexual advances and actual sexual contact/conduct from Defendant Stevens.

99. Such conduct violates Title IX of the 1964 Civil Rights Act, which provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance[.]" 20 U.S.C. § 1681(a).

100. As a direct and proximate result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

WHEREFORE, Plaintiff demands judgment against Defendants Dr. Margaret Billings-Jones, Thomas Kameroski and Lakeland School District,, jointly and severally, in an amount in excess of $75,000.00 plus interest and costs, which sum includes, but is not limited to:

      a.      All Compensatory damages permitted by Pennsylvania law;

      b.      All damages recoverable under Title IX, including interest, costs and

attorneys fees; and

c.    All other damages and relief as is deemed necessary and equitable by the

Court and/or jury presiding over this case.

### COUNT SIX

Alexandra Kobrick v. Andrew Falonk and Patrick Sheehan and Western Wayne School District

Civil Rights-42 U.S.C. § 1983

101.  Paragraphs 1-100 above are incorporated herein by reference as if fully set forth here at length.

102.  Pursuant to the Due Process Clause of the Fourteenth Amendment, Plaintiff had the right as a public school student to personal security and bodily integrity.

103.  Pursuant to the Due Process Clause of the Fourteenth Amendment, Plaintiff had the right to be free from sexual misconduct and/or abuse at the hands of an employee of the public school such as Defendant Stevens.

104.  Under the Fourteenth Amendment, Plaintiff had the right to be free from illegal seizures.

105.  Defendants Andrew Falonk and Patrick Sheehan and Western Wayne School District, state actors, subjected Plaintiff to violations of her Constitutional right as a public school student to personal security and bodily integrity as well as her right to be free from sexual misconduct and abuse at the hands of an employee of the public school such as Defendant Stevens.

106.  In subjecting Plaintiff to these violations, Andrew Falonk and Patrick Sheehan and Western Wayne School District, as state actors, failed to investigate Defendant Stevens' conduct,

failed to adequately supervise Defendant Stevens, failed to adequately train Defendant Stevens and other school district personnel, and manifested a deliberate indifference to the adverse effect of Defendant Stevens' misconduct, the effect of same upon students, including Plaintiff, and his propensity for spending extraordinary amounts of time with and/or engaging in inappropriate relationships with female students.

107. Plaintiff avers that the Andrew Falonk and Patrick Sheehan and Western Wayne School District had and has unconstitutional customs and policies of failing to investigate evidence of public school district employees' misconduct and abuse against school district students in the nature of violations of their right to personal security, bodily integrity, as well as their right to be free from sexual misconduct and abuse, and failing to adequately supervise and train school district employees with regard to maintaining, preserving and protecting students from violations of their right to personal security and bodily integrity.

108. The conduct of Defendants Andrew Falonk and Patrick Sheehan and Western Wayne School District, as set forth above, and other school district employees, acting under color of state law, in failing to put in place and enforce policies to adequately protect students from inappropriate conduct by teachers, was committed in conscious and/or deliberate disregard of the substantial and/or justifiable risk of causing harm to Plaintiff, and was so egregious as to shock the conscience. Said conduct was the cause of Plaintiff's harm.

109. The conduct as described above was committed pursuant to a municipal policy and/or custom.

110. Plaintiff avers that Defendants Andrew Falonk and Patrick Sheehan and Western Wayne School District and other school district employees followed these unconstitutional

policies and/or customs with regard to herself as hereinafter set forth.

111.  The conduct described above violated Plaintiff's constitutional right to substantive due process and her right to be free from invasion of her personal security and/or her right to bodily integrity, as guaranteed by the 4th, 5th and 14th Amendments to the United States Constitution and as remediable by 42 U.S.C. § 1983.

112.  Defendants Andrew Falonk and Patrick Sheehan and Western Wayne School District and other school district employees are policy makers for the purpose of implementing Defendant Western Wayne School District's policies and customs.

113.  As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

WHEREFORE, Plaintiff demands judgment against Defendants Andrew Falonk and Patrick Sheehan and Western Wayne School District, jointly and severally,  in an amount in excess of $75,000.00 plus interest and costs, which sum includes, but is not limited to:

      a.    All Compensatory damages permitted by Pennsylvania law;

      b.    All damages recoverable under 42 U.S.C. § 1983 or otherwise, including costs, interest and attorneys fees; and

      c.    All other damages and relief as is deemed necessary and equitable by the Court and/or jury presiding over this case.

### COUNT SEVEN

Alexandra Kobrick v. Andrew Falonk and Patrick Sheehan and Western Wayne School District

### Title IX - 20 USC § 1681

114.  Paragraphs 1-113 above are incorporated herein by reference as if fully set forth

here at length.

115. The conduct of Defendants Andrew Falonk and Patrick Sheehan and Western Wayne School District, as set forth above, in failing to take action to prevent Defendant Stevens' mistreatment of the Plaintiff, when the Defendant School District knew or should have known of Defendant Stevens' inappropriate conduct, was deliberate indifference to a teacher's sexual harassment of a student. Said conduct was the cause of Plaintiff's harm.

116. Such conduct violates Title IX of the 1964 Civil Rights Act, which provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance[.]" 20 U.S.C. § 1681(a).

117. As set forth previously herein, Plaintiff was subjected to sexual harassment and actual sexual contact/conduct from Defendant Stevens.

118. Said harassment was based on Plaintiff's sex.

119. The sexual harassment as previously set forth herein unreasonably interfered with Plaintiff's performance in school and created an intimidating, hostile and/or offensive environment which severely affected her well being, both physical and psychological.

120. Defendants Andrew Falonk and Patrick Sheehan and Western Wayne School District officials had the authority to investigate Defendant Stevens and his conduct/contact with minor female students while he was employed at that school district; to suspend or remove him from the Defendant school district; to notify/warn any other school districts Defendant Stevens was interviewing with; to notify/warn the authorities about Defendant Stevens, and to remedy the situation, to prevent Defendant Stevens from harming and/or abusing any other minor female

students; and knew or should have known of Defendant Stevens spending extraordinary amounts of time with and/or engaging in inappropriate relationships with and/or misconduct with minor female students, including Plaintiff, yet were deliberately indifferent thereto.

121. As a result of Defendants Andrew Falonk and Patrick Sheehan and Western Wayne School District's failure to properly act and/or investigate Defendant Stevens' conduct, Plaintiff was subjected to sexual harassment in the form of sexual advances and actual sexual contact/conduct from Defendant Stevens.

122. As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein as approximate result of Defendant Western Wayne School District's violations of her rights under Title IX.

WHEREFORE, Plaintiff demands judgment against Andrew Falonk and Patrick Sheehan and Western Wayne School District, jointly and severally, in an amount in excess of $75,000.00 plus interest and costs, which sum includes, but is not limited to:

    a.    All Compensatory damages permitted by Pennsylvania law;

    b.    All damages recoverable under Title IX, including costs, interest and attorneys fees; and

    c.    All other damages and relief as is deemed necessary and equitable by the Court and/or jury presiding over this case.

COUNT EIGHT

Plaintiff v. All Defendants

Violation of Pennsylvania Constitution

123. Paragraphs 1-122 above are incorporated herein by reference as if fully set forth

Page 29 of 40

here at length.

124. Defendants intentionally and deliberately violated Plaintiff's due process rights under Article I, Section 1 of the Pennsylvania Constitution through the conduct averred in Paragraphs 1 through 122 above.

125. Defendants' misconduct caused Plaintiff to suffer severe and permanent psychological damage and physical harm.

WHEREFORE, Plaintiff demands that judgment be entered in her favor and against Defendants, jointly and severally, for compensatory damages, punitive damages, interest, costs and attorney's fees.

## COUNT NINE

Alexandra Kobrick v. Lakeland School District

Dr. Margaret Billings-Jones and Thomas Kameroski

Premises Liability

126. Paragraphs 1-125 above are incorporated herein by reference as if fully set forth here at length.

127. The Defendants granted Defendant Matthew Stevens a license to enter upon and use the premises of Lakeland School District when they knew or should have known that he had a reputation for, and did engage in, inappropriate relations with Plaintiff and/or other minor female students.

128. Defendant Lakeland School District, is liable to the Plaintiff for making its premises and facilities available to Defendant Stevens such that he could engage in inappropriate sexual conduct and/or abuse with minor female students, including Plaintiff.

129. The above-named individual Defendants share in that liability.

WHEREFORE, the Plaintiff demands judgment against the above-named Defendants for the state tort of unsafe premises as aforestated, together with damages for past, present and future pain and suffering, loss of enjoyment of life, loss of earnings and/or earning capacity, humiliation and embarrassment, emotional distress, along with punitive damages against the individual Defendants, plus fees, costs, attorney's fees and such other relief as may be deemed appropriate.

## COUNT TEN

Alexandra Kobrick v. Matthew Stevens, Lakeland School District

Western Wayne School District, Dr. Margaret Billings-Jones, Thomas Kameroski, Andrew

Falonk and Patrick Sheehan

Sexual and Simple Assault

130. Paragraphs 1-129 above are incorporated herein by reference as if fully set forth here at length.

131. Between December, 2011-January 2012 through the end of the 2011-2012 school year and beyond, Defendant Stevens had inappropriate sexual contact/conduct with the Plaintiff, a minor female student, thereby assaulting Plaintiff on multiple occasions on Defendant Lakeland School District's premises during school hours and when Plaintiff stayed after school hours on those premises owned, controlled and maintained by Defendant Lakeland School District.

132. At the time of the sexual advances and/or abuse by Defendant Stevens, Plaintiff was a minor female high school student who was not capable of welcoming and/or consenting to inappropriate sexual contact/conduct by Defendant Stevens.

133. Defendant Stevens' assaults upon Plaintiff, which was both sexual and simple, and

was made possible by grooming her and manipulating her through intimate contact/conduct with him.

134. Defendant Stevens' inappropriate sexual contact/conduct and assault on Plaintiff was made possible and/or allowed by the support and/or ratification and/or inaction of the above-named Defendants as detailed in the foregoing paragraphs, all of whom share in the liability therefore.

WHEREFORE, Plaintiff demands judgment of the above-named Defendants for the state tort of sexual assault and simple assault as aforestated together with damages for past, present and future pain and suffering, loss of enjoyment of life, loss of earnings and/or earning capacity, humiliation and embarrassment, emotional distress, along with punitive damages against the above-named individual Defendants, plus fees, costs, attorney's fees and such other relief as may be deemed appropriate.

## COUNT ELEVEN

### Alexandra Kobrick v. Lakeland School District

### Dr. Margaret Billings-Jones and Thomas Kameroski

### Negligence

135. Paragraphs 1-134 above are incorporated herein by reference as if fully set forth here at length.

136. At all relevant times hereto, Defendants Lakeland School District Dr. Margaret Billings-Jones and Thomas Kameroski knew or should have known that Defendant Stevens, had a reputation for inappropriate relations and/or sexual conduct with Plaintiff and other minor female students and took no action to protect Plaintiff including warning the

authorities and/or intervening to prevent same.

137. Between December, 2011-January 2012 through the end of the 2011-2012 school year and beyond, the Defendants Lakeland School District, Dr. Margaret Billings-Jones and Thomas Kameroski had a duty to recognize inappropriate conduct by Defendant Stevens with Plaintiff and protect Plaintiff. Between December, 2011 and the end of the 2011-2012 school year and beyond, Defendants Lakeland School District, Dr. Margaret Billings-Jones and Thomas Kameroski failed to properly train school staff, including but not limited to, teachers, administrators and other employees and staff to recognize and prevent inappropriate relations and/or conduct between teachers and students. Between December, 2011 and the end of the 2011-2012 school year and beyond, Defendants Lakeland School District, Dr. Margaret Billings-Jones and Thomas Kameroski allowed Defendant Stevens to have interaction with minor female students including Plaintiff when they knew or should have known that Defendant Stevens was spending extraordinary amounts of time with, and/or engaging in inappropriate relationships with, and /or having sexual contact/conduct with such minor female students, including Plaintiff particularly, while they were in the care, custody and control of Defendants Lakeland School District, Dr. Margaret Billings-Jones and Thomas Kameroski.

138. The Defendants Lakeland School District, Dr. Margaret Billings-Jones and Thomas Kameroski all had a duty and responsibility to take action against Defendant Stevens, remove and/or suspend him from the school and report his abuse of minor female students including the Plaintiff to authorities and prevent him from abusing minor female students such as Plaintiff.

139. At the time of Defendant Stevens' hire by Defendant Lakeland School District, the above-named Defendants failed to conduct appropriate background checks, thorough

investigations, vetting and evaluation of Defendant Stevens prior to hiring him.

140. Not only did the above-named Defendants fail to take any affirmative action or corrective action against Defendant Stevens as was their duty to the Plaintiff and others similarly situated, the above named- Defendants ratified and permitted Defendant Stevens to maintain access to Lakeland Junior-Senior High School and  allowed him to continue his inappropriate sexual contact and abuse of Plaintiff.

141. All of Defendants' actions and/or omissions as set forth in the foregoing paragraphs do constitute such negligent, wanton, willful and reckless conduct such that Plaintiff is entitled to the relief requested for her losses and damages as indicated above.

WHEREFORE, Plaintiff demands judgment of the above-named Defendants for the State tort of negligence as aforestated together with damages for past, present and future pain and suffering, humiliation and embarrassment, loss of enjoyment of life, loss of earnings and/or earning capacity, emotional distress, punitive damages against the individual Defendants, plus fees, costs, attorney's fees and such other relief as may be deemed appropriate.

COUNT TWELVE

Alexandra Kobrick vs. Dr. Margaret Billings-Jones, Thomas Kamcroski and

Lakeland School District

Negligent Supervision

142. Paragraphs 1-140 above are incorporated herein by reference as if fully set forth here at length.

143. Defendants Dr. Margaret Billings-Jones, Thomas Kamcroski and Lakeland School District each had a duty to provide reasonable supervision of its employee and agent, Defendant

Page 34 of 40

Stevens, when he had interaction and contact with minor female students, including the Plaintiff.

144.  It was reasonably foreseeable that employees and/or agents of Defendant Lakeland School District who had any sexual interest in minor female students, including Defendant Stevens, would spend extraordinary amounts of time with and/or engage in inappropriate and/or sexual contact with minor female students, including Plaintiff, yet Defendants Lakeland School District, Defendant Bllings-Jones and Defendant Kameroski failed to supervise, monitor and investigate such employees and/or agents, including Defendant Stevens, in order to prevent/stop same.

145.  Defendants Dr. Margaret Billings-Jones, Thomas Kameroski and Lakeland School District each by and through their agents, employees and representatives, knew or reasonably should have known that Defendant Stevens was having inappropriate and unusually excessive amounts of contact with Plaintiff on school premises yet took no action to investigate, supervise or monitor same.  Defendants Dr. Margaret Billings-Jones, Thomas Kameroski and Lakeland School District negligently failed to recognize the inappropriate contact and abuse by Defendant Stevens with Plaintiff as identified in the foregoing paragraphs and failed to supervise his contacts with Plaintiff and/or intervene to prevent the harm from occurring and reoccurring, enabling Defendant Stevens, who was in a position of trust and authority, to have sexual contact with and abuse Plaintiff, constituting outrageous conduct.

146.  Moreover, Defendants Dr. Margaret Billings-Jones, Thomas Kameroski and Lakeland School District failed to formulate, adopt, implement and/or use an appropriate monitoring system to ensure the protection of the Plaintiff and/or others similarly situated when they knew or should have known Defendant Stevens had a reputation and/or propensity for

spending extraordinary amounts of time with and/or engaging in inappropriate relations with minor female students including Plaintiff.

147. Defendants Dr. Margaret Billings-Jones, Thomas Kameroski and Lakeland School District failed to take steps to intervene and stop Defendant Stevens from engaging in inappropriate sexual contact/conduct with, and abuse of, the Plaintiff when they knew or should have known Defendant Stevens was having inappropriate and unusually excessive amounts of contact with Plaintiff on school premises not only during school hours when Plaintiff left her scheduled classes with approval by Defendant School District teachers, but also after class.

148. Such acts of sexual misconduct by Defendant Stevens were made possible and allowed to occur on the premises of Lakeland Junior-Senior High School during the course of school activities of Lakeland Junior-Senior High School, and after school, by Defendants Dr. Margaret Billings-Jones, Thomas Kameroski and Lakeland School District failure to supervise and/or monitor Defendant Stevens' activities with minor female students.

149. Defendants Dr. Margaret Billings-Jones, Thomas Kameroski and Lakeland School District's conduct, in breaching their duties to students, including Plaintiff, to provide reasonable supervision of Defendant Stevens, was outrageous and committed with reckless indifference to Plaintiff and to their duty to provide a safe educational environment free from sexual advances and/or abuse by teachers.

150. As a result of the above-described conduct and that which is alleged in the foregoing paragraphs which are incorporated herein by reference, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, embarrassment, loss of esteem, disgrace, humiliation, loss of enjoyment of life, was prevented and will continue to be

prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life, has sustained and will continue to sustain loss of earnings and earning capacity and/or has incurred or will continue to incur expenses for medical and/or psychological treatment, therapy and counsel.

WHEREFORE, Plaintiff demands judgment of the above-named Defendants for the state tort negligent supervision as aforestated together with damages for past, present and future pain and suffering, humiliation and embarrassment, loss of enjoyment of life, loss of earnings and/or earning capacity, emotional distress, along with punitive damages against the individual Defendants, plus fees, costs, attorney's fees and such other relief as may be deemed appropriate.

## COUNT THIRTEEN

Plaintiff v. Western Wayne School District, Andrew Falonk and Patrick Sheehan

### Negligence

151. Paragraphs 1-149 above are incorporated herein by reference as if fully set forth here at length.

152. Defendants Western Wayne School District, Andrew Falonk and Patrick Sheehan knew or reasonably should have known that Defendant Stevens engaged in inappropriate relationships and/or sexual conduct with at least one of Defendant Western Wayne School District's female students while Defendant Stevens was employed and/or otherwise acting as a teacher/band director for Defendant Western Wayne School District.

153. Despite this knowledge, Defendants Western Wayne School District, Andrew Falonk and Patrick Sheehan failed to take any action to notify, warn and/or disclose to any authorities and/or other school districts, including Defendant Lakeland School District, Dr. Margaret Billings-Jones and/or Thomas Kameroski, that Defendant Stevens had a propensity to

engage in such in appropriate conduct with female students and failed to take any action to prevent Defendant Stevens from being hired, employed or associated with such other school districts, including Defendant Lakeland School District, where he would have access to minor female students who might be harmed by Defendant Stevens' proclivities.

154. As a result of Defendant Western Wayne School District, Andrew Falonk and Patrick Sheehan's actions and/or inactions as is alleged in the foregoing paragraphs which are incorporated herein by reference, Defendant Stevens was hired by Defendant Lakeland School District. Plaintiff was caused to suffer and continues to suffer harm at the hands of Defendants Stevens including past, present and future pain and suffering, humiliation and embarrassment, loss of enjoyment of life, loss of earnings and/or earning capacity, emotional distress, along with punitive damages against the individual Defendants, plus fees, costs, attorney's fees and such other relief as may be deemed appropriate.

155. All of Defendants' actions and/or omissions as set forth in the foregoing paragraphs do constitute such negligent, wanton, willful and reckless conduct such that Plaintiff is entitled to the relief requested for her losses and damages as are indicated above.

WHEREFORE, Plaintiff demands judgment of the above-named Defendants for the state tort negligent supervision as aforestated together with damages for past, present and future pain and suffering, humiliation and embarrassment, loss of enjoyment of life, loss of earnings and/or earning capacity, emotional distress, along with punitive damages against the individual Defendants, plus fees, costs, attorney's fees and such other relief as may be deemed appropriate.

## COUNT FOURTEEN

Alexandra Kobrick v. All Defendants

Page 38 of 40

### Intentional Infliction of Emotional Distress

156. Paragraphs 1-153 above are incorporated herein by reference as if fully set forth here at length.

157. The conduct of Defendant Matthew Stevens, as set forth above, including engaging repeatedly in illegal and inappropriate conduct between a teacher and a minor female student along with sexual relations with a minor female who was his student and under his care, constituted outrageous conduct utterly intolerable in a civilized society, and that conduct led to severe emotional distress for the Plaintiff.

158. All Defendants Matthew Stevens, Lakeland School District, Western Wayne School District, Dr. Margaret Billings-Jones, Thomas Kameroski, Andrew Falonk and Patrick Sheehan, intentionally, recklessly and/or deliberately inflicted extreme emotional distress upon Plaintiff by their failure to take action with respect to Defendant Stevens and/or have Defendant Stevens removed from any premises owned, possessed and/or controlled by Defendants in order to prevent Defendant Stevens from having any contact with minor female students such as Plaintiff, by Defendants' outrageous series of acts as alleged in the foregoing allegations incorporated herein by reference.

159. All Defendants Matthew Stevens, Lakeland School District, Western Wayne School District, Dr. Margaret Billings-Jones, Thomas Kameroski, Andrew Falonk and Patrick Sheehan, intentionally, recklessly and/or deliberately failed to take action to notify appropriate law enforcement authorities and/or to investigate Defendant Stevens' conduct with minor female students.

160. As a result of Defendant Matthew Stevens' offensive contact and as a result of all

Defendants' reckless, deliberate and/or intentional, and extreme and outrageous actions and/or inactions, Plaintiff has suffered such harm as has been previously stated herein.

161. All Defendants are therefore liable to Plaintiff for intentional infliction of emotional distress.

WHEREFORE, Plaintiff demands judgement against Defendants Matthew Stevens, Lakeland School District, Western Wayne School District, Dr. Margaret Billings-Jones, Thomas Kameroski, Andrew Falonk and Patrick Sheehan, jointly and severally, in an amount in excess of $75,000.00 plus interest and costs, which sum includes, but is not limited to:

a.    All Compensatory damages permitted by Pennsylvania law;

b.    Punitive Damages;

c.    All damages recoverable including attorney's fees, interest and costs; and

c.    All other damages and relief as is deemed necessary and equitable by the Court and/or jury presiding over this case.

MUNLEY LAW PC


BY:    /s/ Julia K. Munley
        Julia K. Munley - I.D. No. 66454
        Attorney for Plaintiff