**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALEXANDRA KOBRICK,** | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION NO. 3:13-2865** |
| **v.** | : | **(JUDGE MANNION)** |
| **MATTHEW STEVENS, LAKELAND SCHOOL DISTRICT, WESTERN WAYNE SCHOOL DISTRICT, DR. MARGARET BILLINGS-JONES, THOMAS KAMEROSKI, ANDREW FALONK, and PATRICK SHEEHAN,** | : : : : | |
| **Defendants** | : | |

**M E M O R A N D U M**

Pending before the court are the following motions: (1) a motion to dismiss the plaintiff's complaint on behalf of defendants Western Wayne School District, Andrew Falonk and Patrick Sheehan, ("Western Wayne defendants"), (Doc. 16); (2) a motion to dismiss the plaintiff's complaint on behalf of defendants Lakeland School District, Dr. Margaret Billings-Jones and Thomas Kameroski, ("Lakeland defendants"), (Doc. 18); and (3) a motion to dismiss the plaintiff's complaint on behalf of defendant Stevens, (Doc. 32).

**I.    PROCEDURAL HISTORY**

By way of relevant background, on November 25, 2013, the plaintiff filed the instant action against defendant Stevens, as well as his employer, defendant Lakeland School District; his supervisor, defendant Kameroski; and

Lakeland School District's superintendent, defendant Billings-Jones. She also brought the action against the Western Wayne School District, as defendant Stevens's former employer; his former supervisor, defendant Sheehan; and Western Wayne School District's superintendent, defendant Falonk.

On January 27, 2014, the Western Wayne defendants filed a motion to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted. (Doc. 16). A brief in support of the Western Wayne defendants' motion to dismiss was filed on February 10, 2014. (Doc. 29). The plaintiff filed a brief opposing the Western Wayne defendants' motion to dismiss on March 6, 2014. (Doc. 43).

In the meantime, also on January 27, 2014, the Lakeland defendants filed a motion to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted. (Doc. 18). A brief in support of the Lakeland defendants' motion to dismiss was filed on February 10, 2014. (Doc. 28). The plaintiff filed a brief in opposition to the Lakeland defendants' motion to dismiss on March 6, 2014. (Doc. 44).

Finally, on February 12, 2014, defendant Stevens filed a motion to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted. (Doc. 32). A brief in support of defendant Stevens's motion was filed on February 24, 2014. (Doc. 41). The plaintiff filed a brief in opposition to defendant Stevens's motion to dismiss on March 19, 2014. (Doc. 50).

## II.    FACTUAL BACKGROUND[1]

During the 2011-2012 school year, the plaintiff was a minor student enrolled at Lakeland Junior-Senior High School and was a member of the school's band. Defendant Stevens was a music instructor and band director for the Lakeland School District starting with the 2010-2011 school year.

Starting around December of 2011 or January of 2012, defendant Stevens sent the plaintiff a series of inappropriate text messages that were flirtatious or sexual in nature. By January of 2012, the relationship between the plaintiff and defendant Stevens became physically sexual in nature. At this time, when the plaintiff was alone with defendant Stevens in his office, he kissed her and instructed her that she should tell no one. Thereafter, defendant Stevens would take the plaintiff to a secluded area on the school premises and engage in various sexual acts with her. These acts took place two to three times per week from January of 2012 until the end of the school year and beyond. They occurred both during school hours and when the plaintiff stayed after school.

On at least one occasion, defendant Kameroski was present in defendant Stevens's office with defendant Stevens and the plaintiff and witnessed defendant Stevens having inappropriate physical contact with the

---

[1]For purposes of considering the defendants' motions to dismiss only, the court accepts as true the factual allegations set forth in the plaintiff's complaint. (Doc.1)

3

plaintiff, but took no action to intervene or stop the actions of defendant Stevens.

On numerous occasions during the 2011-2012 school year, during school hours and classtime, school teachers would allow the plaintiff to be removed from class to meet defendant Stevens and they would be "openly together" in sight of school personnel. No action was taken to stop the plaintiff from leaving her regularly scheduled classes to openly join defendant Stevens on these occasions.

In February of 2013, over a year after the plaintiff's relationship with defendant Stevens began, the plaintiff informed her mother about the relationship, after she witnessed defendant Stevens having similar, openly inappropriate contact with another minor female student on school property. The plaintiff's mother then contacted the defendant Lakeland School District through defendant Billings-Jones, as well as the Lackawanna County District Attorney's Office and the police. On February 15, 2013, the District Attorney's office filed criminal charges against defendant Stevens, including institutional sexual assault, contact/communication with a minor-sexual offenses, and corruption of a minor[2].

---

[2]Since the filing of the instant action, defendant Stevens has entered a plea of guilty on the corruption of a minor charge and the remaining counts were *nolle prossed*. Defendant Stevens is currently awaiting sentencing. See Commonwealth v. Stevens, Court of Common Pleas of Lackawanna County, Criminal Docket Number: CP-35-CR-0000563-2013.

Prior to his employment with the Lakeland School District, defendant Stevens was employed by the Western Wayne School District where he was also a music teacher and band director. During his time at Western Wayne, defendant Stevens engaged in similar conduct with another minor female student. The plaintiff maintains that officials at Western Wayne knew or should have known about defendant Stevens's conduct and failed to inform either the authorities or the Lakeland School District of it. The plaintiff further contends that the Lakeland School District knew or should have known about the earlier incident in Western Wayne and should have known about a propensity that defendant Stevens had developed for inappropriate relationships and conduct with female students. The plaintiff alleges that both school districts had a policy of ignoring impropriety between students and instructors.

Based upon the factual allegations set forth in her complaint, the plaintiff has brought this fourteen-count complaint in which the following claims are raised: Count One (v. defendant Stevens) - Civil Rights - 42 U.S.C. §1983; Count Two (v. defendant Stevens) - Assault; Count Three (v. defendant Stevens) - Battery; Count Four (v. the Lakeland defendants) - Civil Rights - 42 U.S.C. §1983; Count Five (v. the Lakeland defendants) - Title IX, 20 U.S.C. §1681; Count Six (v. Western Wayne defendants) - Civil Rights - 42 U.S.C. §1983; Count Seven (v. Western Wayne defendants) - Title IX - 20 U.S.C. §1681; Count Eight (v. all defendants) - Violation of Pennsylvania

Constitution; Count Nine (v. Lakeland defendants) - Premises Liability; Count Ten (v. all defendants) - Sexual and Simple Assault; Count Eleven (v. Lakeland defendants) - Negligence; Count Twelve (v. Lakeland defendants) - Negligent Supervision; Count Thirteen (v. Western Wayne defendants) - Negligence; and Count Fourteen (v. all defendants) - Intentional Infliction of Emotional Distress.

## III.    STANDARD OF REVIEW

The defendant's motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [necessary elements]" of the plaintiff's cause of action. Id. Furthermore, in

6

order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotation marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v.

Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).


## IV.   DISCUSSION

### A.   Defendant Stevens's Motion to Dismiss

#### 1.   Section 1983

In Count One of her complaint, the plaintiff sets for a civil rights claim against defendant Stevens pursuant to 42 U.S.C. §1983. Section 1983 does not itself bestow substantive rights, but instead creates a remedy for violation of a person's constitutional rights. Gonzaga Univ. v. Does, 536 U.S. 273 (2002). The statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. §1983.

To establish a claim under §1983, a person must prove that someone deprived him of a constitutional right while acting under the color of state law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). Moreover, liability under

§1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or actual knowledge and acquiescence. See Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997) (overruled on other grounds) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Acquiescence exists where "a supervisor with authority over a subordinate knows that the subordinate is violating someone's rights but fails to act to stop the subordinate from doing so." Festa v. Jordan, 803 F.Supp. 2d 319, 325 (M.D. Pa. 2011) (quoting Robinson, 120 F.3d, at 1294).

A municipality is a "person" for purposes of §1983. See Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 689 (1978)). But §1983 does not allow municipal liability under a theory of *respondeat superior*. Id. A municipality is not liable under §1983 merely for employing someone who violates a person's civil rights; rather, a municipality that does not directly violate a person's civil rights is liable only where it has in place a policy or custom that led to the violation. Id. The plaintiff bears the burden of identifying the policy or custom. Id. This rule ensures that a municipality will only be liable where it is the "moving force" behind the plaintiff's injury. Id.

9

### a.    Fourteenth Amendment

In Count One of her complaint, the plaintiff alleges that, under the Due Process Clause of the Fourteenth Amendment, she had the right as a public school student to personal security and bodily integrity and also had the right to be free from sexual abuse at the hands of public school employees, such as defendant Stevens. In defendant Stevens's motion to dismiss, he does not argue for dismissal of the plaintiff's Fourteenth Amendment claims and, in fact, affirmatively states that he "is not moving to dismiss [plaintiff's claim for violation of her right to bodily integrity] at this time." (Doc. 41, at n.8). Therefore, the plaintiff's complaint will be permitted to proceed with respect to her Fourteenth Amendment claims against defendant Stevens.

### b.    Fourth Amendment

Defendant Stevens argues in his motion that the plaintiff's Fourth Amendment claim in Count One should be dismissed, as the actions complained of do not concern intrusion on the plaintiff's privacy in the course of a criminal investigation. (Doc. 41, pp. 6-7). In response, the plaintiff argues that several circuits have held that the Fourth Amendment can apply beyond the scope of criminal investigation. (Doc. 30, pp. 6-9).

In considering the parties' arguments, there is no doubt that the Fourth Amendment applies in certain circumstances to public school officials. <u>New Jersey v. T.L.O.</u>, 469 U.S.325, 333 (1985); <u>E.N. v. Susquehanna Twp. Sch.</u>

Dist., 2010 WL 4853700, at \*5 (M.D.Pa. Nov. 23, 2010). However, courts
within the Third Circuit have found on numerous occasions that Fourth
Amendment claims outside of the criminal investigation context fail to state a
claim upon which relief can be granted. Monn v. Gettysburg Area Sch. Dist.,
2013 WL 1345501 (M.D. Pa. Apr. 2, 2013) (dismissing Fourth Amendment
claim that school officials knew of bullying and allowed it to continue for
retaliatory reasons as being outside of the criminal investigation context),
*aff'd*, 553 Fed. App'x 120 (3d Cir. 2014); S.F. v. Del. Valley Sch. Dist., 2008
WL 4680580 (M.D. Pa. Oct. 20, 2008) (dismissing Fourth Amendment claim
that elementary school teacher inappropriately touched a third grade student
on the basis that the claim did not concern intrusion on the student's privacy
in the course of a criminal investigation); K.K. ex rel. Knowles v. Weeks, 2007
WL 2782273, at \*6 (M.D.Pa. Sept. 21, 2007) (dismissing the plaintiffs' Fourth
Amendment claim based on a sexual assault on a high school student); E.N.,
2010 WL 4853700, at \*5 (same).

In this case, the plaintiff's Fourth Amendment claim does not arise in the
context of a criminal investigation. Therefore, defendant Stevens's motion to
dismiss the plaintiff's Fourth Amendment claim in Count One will be granted.

### 2. Assault

In Count Two of her complaint, the plaintiff sets forth a claim for assault
against defendant Stevens. Defendant Stevens argues that the plaintiff's

complaint fails with respect to this claim because she has pled no facts to support her claim that he intentionally, or otherwise, attempted by force to injure her. (Doc. 41, pp. 8-9).

An individual commits assault when he or she acts to cause an actual battery or to place another person in "imminent apprehension" of a battery, thereby causing the person to be "put in such imminent apprehension." Ickes v. Grassmeyer, \_\_\_F.Supp.2d \_\_\_, 2014 WL 2993778 (W.D. Pa. July 2, 2014) (citing Jackson v. Pennsylvania Board of Probation & Parole, 885 A.2d 598, 601 n.2 (Pa.Commw.Ct.2005) (quoting the Restatement (Second) of Torts §21 (1965)). Under Pennsylvania law, an individual commits a battery when he or she intentionally causes a harmful or offensive contact with another person's body. Id. (citing Cooper v. Lankenau Hospital, 51 A.3d 183, 191-92 (Pa. 2012)). Thus, an attempted battery constitutes an assault. See Restatement (Second) Torts § 21(1)(a) (stating that an assault occurs where one acts with the intent to cause a harmful or offensive contact with the person of another, and where the other is thereby put in imminent apprehension of such attempted contact); see also Renk v. City of Pittsburgh, 641 A.2d 289, 294-5 (Pa.1994) (quoting § 21 of the Restatement (Second)).

Here, the plaintiff, a minor student, has alleged that defendant Stevens, her teacher and an individual in a position of authority over her, engaged in various sexual acts with her several times per week over an extended period of time. Such sexual contact can fit within the meaning of offensive contact.

12

Taking the plaintiff's facts as true, as the court must at this stage, it is clear that the defendant intended to have sexual relations with the plaintiff, by virtue of his actually doing so. The plaintiff alleges that the actions of defendant Stevens caused harm to her, both in a physical sense as she was legally unable to consent to the relationship and in an emotional one. At this stage of the proceedings, the plaintiff's allegations are sufficient to satisfy the elements of an assault claim. Thus, the court will deny defendant Stevens's motion to dismiss on this basis.

### 3.    Battery

Defendant Stevens argues that the plaintiff's battery claim in Count Three must be dismissed because the plaintiff has failed to allege that he acted with the intent to cause a harmful or offensive contact. Without intent, defendant Stevens argues that the plaintiff's battery claim is not viable. (Doc. 41, p. 10).

As discussed above, the sexual relations defendant Stevens had with the plaintiff can be considered offensive contact, and it can reasonably be inferred that defendant Stevens intended to have sexual relations with the plaintiff by virtue of his actually doing so. Therefore, at this stage of the proceedings, defendant Stevens's motion to dismiss the plaintiff's battery claim will be denied.

13

### 4.    Pennsylvania State Constitution

The plaintiff alleges in Count Eight of her complaint that all defendants violated her rights under Article 1, Section 1 of the Pennsylvania State Constitution and seeks monetary damages on this basis. Relying in large part upon Jones v. City of Phila., 890 A.2d 1188, 1208 (Pa. Cmwlth. Ct. 2006), in which the Commonwealth court stated that "[neither] Pennsylvania statutory authority, nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution," defendant Stevens argues that there is no private cause of action for monetary damages pursuant to the Pennsylvania Constitution. (Doc. 41, pp. 10-17). In response, the plaintiff distinguishes Jones on the basis that Jones involved an alleged violation of Article I, Section 8, not Section 1, as in this case. The plaintiff argues that other courts have indicated that Article I, Section 1 of the Pennsylvania Constitution is self-executing, and therefore, no additional authority is required to create a cause of action based on its violation[3]. Further, the plaintiff argues that the application of §874A of the Restatement (Second) of Torts results in a cause of action for monetary damages under the Pennsylvania Constitution based on the defendants' violation of her

_____

[3]The court notes that the cases relied upon by the plaintiff, such as Erdman v. Mitchell, 56 A. 327 (1903); Hunter v. Port Authority of Allegheny County, 419 A.2d 631 (Pa. Super. 1980); and R. v. Com. Dept. of Public Welfare, 636 A.2d 142 (Pa. 1994), involved claims for injunctive relief, not monetary damages, as in this case.

Fourteenth Amendment Due Process Rights. (Doc. 50, pp. 16-21).

The Pennsylvania Supreme Court has yet to rule on whether there is a cause of action for monetary damages under the Pennsylvania Constitution. As argued by defendant Stevens, lower Pennsylvania courts considering the issue have suggested that there is no action for monetary damages under the Pennsylvania Constitution. See Jones v. City of Phila., supra. When presented with the argument, courts within the Third Circuit have found that "[t]he Pennsylvania Constitution does not confer a private right of action on an individual who seeks to recover damages from a defendant." Pollarine v. Boyer, 2005 WL 1806481 (E.D. Pa. July 29, 2005). See also Kaucher v. County of Bucks, 2005 U.S. Dist. LEXIS 1679, 32 (E.D. Pa. Feb. 7, 2005) (finding that, in the federal districts, "[i]t has been widely held that the Pennsylvania Constitution does not provide a direct right to damages."). Without settled authority, even when considering claims brought pursuant to Article I, Section 1 of the Pennsylvania Constitution, the specific provision at issue here, federal courts have found that there is no cause of action for monetary damages. See Slater v. Donna, 2013 WL 6669068 (M.D. Pa. Dec. 18, 2013) (citing Mintz v. Upper Mount Bethel Twp., 2013 WL 3090720 (E.D.Pa. June 20, 2013) (dismissing with prejudice claim for damages under Article 1, Section 1 of the Pennsylvania Constitution); G.S. ex rel. J.A. v. Sch. Dist. of City of Monessen, 2012 WL 1328566 (W.D.Pa. Apr.17, 2012) (same); Bayer v. Monroe Cnty. Child & Youth Servs., 2007 WL 3034009 at *13

15

(M.D.Pa. Oct.15, 2007) (same), *rev'd on other grounds*, Bayer v. Monroe Cnty. Children & Youth Servs., 577 F.3d 186 (3d Cir. 2009)).

This court finds no basis upon which to deviate from the reasoning of the above cases. As such, the court finds that there is no private cause of action for monetary damages under the Pennsylvania Constitution and, therefore, defendant Stevens's motion to dismiss Count Eight of the plaintiff's complaint will be granted.

### 5.    Sexual and Simple Assault

Count Ten, against all defendants, alleges a claim for "sexual and simple assault." Defendant Stevens argues that Pennsylvania does not recognize a civil cause of action for "sexual and simple assault" and, therefore, Count Ten cannot proceed as a matter of law. Defendant Stevens further argues that, even if the plaintiff were alleging a cause of action for "sexual assault," since there were insufficient facts to support the plaintiff's claims in Counts Two (Assault) and Three (Battery), Count Ten must also fail. (Doc. 41, p. 17).

The court agrees that there is no specific civil cause of action for "Sexual and Simple Assault" – an assault is an assault under Pennsylvania law regardless of factual bases underlying the assault. Although the plaintiff cites to Kintzel v. Kleman, 2013 WL 4498969 (M.D.Pa. Aug. 19, 2013), as support for her argument that a separate claim for "sexual assault" exists, it

16

is clear from the facts of that case that the plaintiff was simply alleging a state law claim for assault, the factual basis of which was sexual in nature. That being said, any claim for assault against defendant Stevens in Count Ten is duplicative of that alleged in Count Two. Therefore, defendant Stevens's motion to dismiss Count Ten with respect to him will be granted.

### 6.    Intentional Infliction of Emotional Distress

In Count Fourteen of her complaint, the plaintiff alleges a claim for intentional infliction of emotional distress, ("IIED"), against all defendants. Defendant Stevens argues in his motion to dismiss that the plaintiff has pled no facts sufficient to support such a claim. While the allegations against him are "distasteful," defendant Stevens argues that they are not sufficiently outrageous so as to support a claim for IIED. (Doc. 41, pp. 17-19).

In Pennsylvania, in order to establish a claim for intentional infliction of emotional distress, there are four elements that must be met: (1) extreme and outrageous conduct, (2) which is intentional or reckless, (3) it must cause emotional distress, and (4) that distress must be severe. See Hoy v. Angelone, 691 A.2d 476, 482 (Pa.Super. 1997). The Pennsylvania Superior Court has held that for conduct to be outrageous it must be such that "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous'." Strickland v. Univ. of Scranton, 700 A.2d 979, 987 (Pa. Super. Ct. 1997)

17

(internal quotations removed).

With respect to the first element of an IIED claim, the plaintiff, a minor, alleges that her teacher and mentor sexually assaulted her over an extended period of time both on and off school property, during and after school hours. A reasonable community generally will find that such behavior is outrageous. See S.F., 2008 U.S. Dist. LEXIS 83473, at 23-24 (M.D. Pa. Oct. 20, 2008). As for the other elements, the plaintiff alleges that the outrageous behavior was an assault, sexual in nature, which is an intentional act. She also expressly alleges in her complaint that she suffered severe emotional distress. At the pleading stage, the court finds that the plaintiff has successfully pled a cause of action for IIED and, therefore, defendant Stevens's motion to dismiss will be denied on this basis.

### 7. Punitive Damages

Defendant Stevens's final argument is that the plaintiff's claim for punitive damages should be dismissed. (Doc. 41, pp. 19-20).

Pennsylvania law allows punitive damages when the defendant has an evil motive or reckless indifference to the rights of others. Punitive damages are available only when the "defendant's actions are so outrageous as to demonstrate willful, wanton, or reckless conduct." Hutchinson v. Luddy, 870 A.2d 766, 770 (Pa. 2005) (quoting Feld v. Merriam, 485 A.2d 742, 747 (Pa. 1984) ). This type of damage is not compensatory in nature, but is meant "to

heap an additional punishment on a defendant who is found to have acted in a fashion which is particularly egregious." Phillips v. Cricket Lighters, 883 A.2d 439, 446 (Pa. 2005). To establish a claim for punitive damages the evidence must be sufficient to show that "(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act . . . in conscious disregard of that risk." Hutchinson, 870 A.2d at 772. "[T]he determination of whether an individual was reckless inherently involves a fact-finding inquiry." Mulholland v. Gonzalez, 2008 WL 5273588, *3 (E.D.Pa. 2008).

Again, the plaintiff has sufficiently alleged that defendant Stevens intentionally engaged in sexual conduct with her over an extended period of time knowing that she was a minor student and knowing it was inappropriate. Despite his knowledge that his actions were inappropriate, defendant Stevens engaged in the conduct anyway. The plaintiff has therefore sufficiently alleged facts to allow her claim for punitive damages to go forward and defendant Stevens's motion to dismiss will be denied on this basis.

### B. Western Wayne Defendants' Motion to Dismiss

#### 1. §1983 Claim - Fourteenth Amendment

In Count Six of her complaint, the plaintiff alleges a violation of her Fourteenth Amendment substantive due process rights by the Western Wayne defendants. Here, she alleges that she had the right as a public

school student to personal security and bodily integrity, as well as to be free from sexual misconduct and/or abuse at the hands of a district employee. The plaintiff alleges that when defendant Stevens was employed in the Western Wayne School District, he engaged in misconduct with a minor female student similar to that alleged with respect to the plaintiff. The plaintiff claims that the Western Wayne defendants failed to investigate defendant Stevens's misconduct, failed to adequately supervise him, failed to adequately train him and other personnel, and manifested a deliberate indifference to the adverse effect of defendant Stevens's misconduct upon students and his propensity for spending extraordinary amounts of time with and/or engaging in inappropriate relationships with female students. The plaintiff further alleges that the Western Wayne School District, for which defendants Falonk, Sheehan and the District are policymakers for purposes of implementing policies and customs, had and has unconstitutional customs and policies of failing to investigate evidence of district employees' misconduct and abuse against district students in the nature of violation of their right to personal security, bodily integrity, as well as their right to be free from sexual misconduct and abuse, and failing to adequately supervise and train district employees with regard to maintaining, preserving and protecting students from violations of their right to personal security and bodily integrity. The plaintiff alleges that the failure of the Western Wayne defendants to put in place and enforce policies to protect students from inappropriate conduct by

teachers was in conscious and/or deliberate disregard of the substantial risk to students, including the plaintiff, and was so egregious as to shock the conscious and was the direct cause of the plaintiff's harm.

The Western Wayne defendants argue that the plaintiff has failed to allege any liability as to them pursuant to §1983. To this extent, the Western Wayne defendants argue that the plaintiff has failed to establish any policy or custom by them which proximately caused her injuries. They further argue that the plaintiff has failed to allege any personal involvement on behalf of defendants Sheehan and Falonk. (Doc. 29, pp. 5-8).

As previously set forth, a municipality is a "person" for purposes of §1983. See Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 689 (1978)). But §1983 does not allow municipal liability under a theory of *respondeat superior*. Id. A municipality is not liable under §1983 merely for employing someone who violates a person's civil rights; rather, a municipality that does not directly violate a person's civil rights is liable only where it has in place a policy or custom that led to the violation. Id. The plaintiff bears the burden of identifying the policy or custom. Id. This rule ensures that a municipality will only be liable where it is the "moving force" behind the plaintiff's injury. Id.

To establish a cause of action under §1983 there are two elements a plaintiff must show. The first is that the act was committed by a state actor

and the second is that the action deprived the individual of a right, privilege,

or immunity. See Piecknick, 36 F. 3d at 1250. A school district can be liable

if the actions of its employees can be deemed to be the result of a policy or

custom. This can happen in one of three ways.

> The first is where the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy.
>
> The second occurs where no rule has been announced as policy but federal law has been violated by an act of the policymaker itself.
>
> Finally, a policy or custom may also exist where the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.

Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003)

(internal citations omitted).

Here, the plaintiff alleges that defendant Stevens had engaged in similar

inappropriate conduct with at least one other minor female student while

employed in the Western Wayne School District. The plaintiff alleges that

officials at Western Wayne were aware of defendant Stevens's conduct. She

alleges that the Western Wayne defendants are liable pursuant to §1983

because of customs and policies of failing to investigate evidence of the

district employee's misconduct and abuse against school district students in

the nature of violations of their personal security, bodily integrity as well as

their right to be free from sexual misconduct and abuse and failing to adequately supervise and train school district employees with regard to maintaining, preserving and protecting students from violations of their right to personal security and bodily integrity.

Where a plaintiff alleges that a school district or its administration knew that a teacher had tendencies to have intimate relationships with minor students and that there was some degree of a coverup then a plaintiff has alleged sufficient facts to make out a claim wherein the plaintiff's rights to bodily security have been violated as a result of a policy or custom, thus sustaining a §1983 claim. See Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 730-731 (3d Cir. 1989).

Here, the Western Wayne defendants can be liable if the plaintiff can establish that action was needed and they refused to take it because of a custom or policy in place. Id. The plaintiff alleges that defendant Stevens sexually assaulted a minor student while employed by Western Wayne. She further alleges that the Western Wayne defendants knew about defendant Stevens's misconduct, but chose not to act upon it, either by reporting it to the appropriate authorities or by informing the Lakeland defendants of his misconduct. The plaintiff alleges that the failure of the Western Wayne defendants to act was the result of a custom or policy in place and that this custom or policy directly caused her injuries. At this stage of the proceedings, the court finds that the plaintiff has adequately alleged a claim against the

Western Wayne defendants for a violation of her substantive due process rights under the Fourteenth Amendment. As such, the Western Wayne defendants' motion to dismiss Count Six of the plaintiff's complaint will be denied[4].

### 2.    Title IX

In Count Seven of her complaint, the plaintiff alleges that the Western Wayne defendants violated her rights under Title IX of the Educational Amendments of 1972, 20 U.S.C. §1681. The Western Wayne defendants argue that this count must be dismissed because the plaintiff has failed to allege that any of the Western Wayne defendants had actual knowledge of defendant Stevens's discriminatory conduct toward her or any other student. In addition, the Western Wayne defendants argue that any claim pursuant to Title IX must be dismissed with respect to defendants Sheehan and Falonk because, by its terms, Title IX reaches institutions and programs that receive federal funds and does not authorize suits against school officials, teachers, and other individuals. (Doc. 29, pp. 8-12).

Initially, the court agrees with the Western Wayne defendants that no individual liability lies under Title IX. See Young v. Pleasant Valley School

---

[4]For the reasons previously set forth with respect to defendant Stevens's motion to dismiss, the plaintiff's Fourth Amendment claim against the Western Wayne defendants will be dismissed.

24

Dist., 2008 WL 417739, \*5 (M.D.Pa. Feb. 13, 2008) (finding no individual

liability under Title IX) (citing Nelson v. Temple University, 920 F.Supp. 633,

635 (E.D.Pa.1996) (concluding that "[a] majority of the few cases explicitly

addressing the issue have concluded that Title IX does not authorize a cause

of action against individuals."); Bougher v. University of Pittsburgh, 713

F.Supp. 139, 143 (W.D.Pa.1989) (finding that because individual defendants

did not receive funds under Title IX, "no Title IX claim can be stated against

them."); Lipsett v. University of Puerto Rico, 864 F.2d 881, 901 (1st Cir.1988)

(finding that officials of a university were liable, "if at all, under section 1983,

rather than under Title IX")). Therefore, the Western Wayne defendants'

motion to dismiss Count Seven with respect to defendants Falonk and

Sheehan will be granted.

As for the Title IX claim against the Western Wayne School District,

Title IX provides a private cause of action against a school district for charges

of discrimination. See Franklin v. Gwinnett Cnty. Pub. Sch., 503 U.S. 60, 76

(1992). There are four elements that must be met: "(1) the school district

received federal financial assistance, (2) the student was subjected to

discrimination on the basis of sex, and (3) an "appropriate person" (4) had

actual notice of, and was deliberately indifferent to, the discrimination."

Chancellor v. Pottsgrove Sch. Dist., 501 F. Supp. 2d 695, 704 (E.D. Pa. 2007)

(citing Gebser v. Lago Vista Ind. Sch. Dist., 524 U.S. 274, 277, 290 (1998)).

Here, the Western Wayne defendants' only contention seems to be with

25

the final element to be established by the plaintiff. To this extent, they argue that the plaintiff was not a student in the Western Wayne School District at the time of the alleged incidents with defendant Stevens and therefore she cannot state a Title IX claim against it or its administrators. Further along this line, the Western Wayne defendants argue that the plaintiff has failed to allege that any of them had actual knowledge of defendant Stevens's discriminatory conduct toward her or toward any other student and that she has failed to allege facts which would suggest that defendant Stevens had an inappropriate sexual relationship with a student at Western Wayne while he was employed there or that appropriate officials failed to take any action.

Under Gebser, actual knowledge is required for a Title IX claim. "An educational institution has actual knowledge if it knows the underlying facts, indicating sufficiently substantial danger to students, and was therefore aware of the danger." Bostic v. Smyrna Sch. Dist., 418 F.3d 355, 361 (3d Cir. 2005) (internal quotations omitted). Actual notice cannot be based upon a mere possibility. Id. The plaintiff does not allege that the Western Wayne defendants knew about what defendant Stevens was doing to her personally. However, the plaintiff does allege that the Western Wayne defendants knew that defendant Stevens had sexual relations with at least one minor female student while he was employed in the Western Wayne School District. This is an allegation of a substantial danger to students that Western Wayne should have been aware of. The plaintiff further alleges that the Western

26

Wayne defendants acted in deliberate indifference when they chose not investigate the matters involving defendant Stevens further and when they chose not to inform the authorities or the Lakeland defendants about defendant Stevens's misconduct. Whether or not the plaintiff can prove her Title IX claim, the court finds that she is able to proceed with the claim at this early stage of the proceedings. As such, the Western Wayne defendants' motion to dismiss the plaintiff's Title IX claim will be denied as to the Western Wayne School District.

### 3.    Pennsylvania Constitution

The Western Wayne defendants move to dismiss the plaintiff's claim against them in Count Eight pursuant to the Pennsylvania Constitution. As discussed above, the court finds that there is no entitlement to monetary damages pursuant to Article I, Section 1 of the Pennsylvania Constitution and, therefore, the Western Wayne defendants' motion to dismiss this count as against them will be granted.

### 4.    Sexual and Simple Assault

In Count Ten of her complaint, again, the plaintiff sets forth a claim for "Sexual and Simple Assault" against all defendants. The Western Wayne defendants argue that the plaintiff has failed to state a claim for sexual and

simple assault as to them[5]. As the court has indicated above, this is simply a claim for assault, the facts of which are sexual in nature. The standard for stating a claim for assault has been set forth above with respect to defendant Stevens's motion to dismiss. With respect to the Western Wayne defendants, the court finds that the plaintiff has not pled sufficient facts to establish that the Western Wayne defendants acted with the intent to cause an actual battery or place the plaintiff in imminent apprehension of a battery.

The plaintiff attempts to argue in her opposing brief that the claim is really one for aiding and abetting defendant Stevens in the assault against her, as set forth in the Restatement (Second) of Torts §876. These are not the allegations which are set forth in the plaintiff's complaint and they will not be considered herein.

In light of the above, the Western Wayne defendants motion to dismiss Count Ten against them will be granted.

### 5.   Negligence

In Count Thirteen of her complaint, the plaintiff sets forth a claim for negligence against the Western Wayne defendants. The Western Wayne defendants argue that any claim for negligence must be dismissed because

---

[5]The Western Wayne defendants further argue that they are entitled to high public official immunity with respect to this claim. However, because the court finds dismissal appropriate on an alternate basis, the claim of high public immunity will not be discussed herein.

they are immune from suit under the Political Subdivision Tort Claims Act, ("PSTCA"), 42 Pa.C.S.A. §8541, et seq.. (Doc. 29, pp. 14-15)[6]. The plaintiff responds by arguing that, for various reasons, defendants Falonk and Sheehan are not entitled to immunity under the PSTCA. (Doc. 43, pp. 25-28).

Initially, the plaintiff does not argue that the Western Wayne School District is not entitled to immunity under the PSTCA, but only that defendants Falonk and Sheehan are not entitled to immunity. In this respect, the Western Wayne defendants' motion to dismiss appears unopposed. In any event, the defendant Western Wayne School District, as a school district, is a "local agency" as defined by the PSTCA. Under the PSTCA, local agencies are immune from liability "for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S.A. §8541. Immunity under the PSTCA is waived "to the extent the agency would otherwise be liable for a narrow subset of negligent acts by its agents or employees.[7]" However, none of these exceptions apply to the instant action. As such, the general grant of immunity under the PSTCA shields the Western Wayne School District from liability for

---

[6]See n.5.

[7]These acts include liability arising from (1) the operation of motor vehicles, (2) the care, custody or control of personal property, (3) the care, custody or control of real property, (4) trees, traffic controls and street lighting, (5) utility service facilities, (6) streets, (7) sidewalks, and (8) the care, custody or control of animals. 42 Pa.C.S.A. § 8542(b).

the plaintiff's state law tort claims[8]. Given this, the Western Wayne defendants' motion to dismiss the plaintiff's state law negligence claim will be granted with respect to the Western Wayne School District[9].

With respect to defendants Falonk and Sheehan, "[m]unicipal employees, including school district employees, are generally immune from liability to the same extent as their employing agency, so long as the act committed was within the scope of the employee's employment. 42 Pa.C.S.A. §8545. An exception to this general rule, however, is that employees are not immune from liability under §8545 where their conduct amounts to 'actual malice' or 'willful misconduct'. Sanford v. Stiles, 456 F.3d 298, 315 (3d Cir. 2006). Thus, defendants Falonk and Sheehan would only lose their immunity under the PTSCA if their conduct amounted to "actual malice" or "willful misconduct." Given that both of these requirements necessarily require a higher level of fault than mere negligence, the plaintiff's neglience claim fails

---

[8]In addition, the Western Wayne School District, as a local agency under the PSTCA, cannot be held liable for punitive damages. Marko v. City of Phila., 576 A.2d 1193, 1194 (Pa.Cmwlth. 1990).

[9]The court notes, however, that the PSTCA cannot immunize a local agency against a federal cause of action. Vicky M. v. Ne. Educ. Intermediate Unit 19, 486 F. Supp. 2d 437, 460 (M.D. Pa. 2007), *on reconsideration*, 2007 WL 2844428 (M.D. Pa. Sept. 26, 2007) (citing Wiehagen v. Borough of N. Braddock, 559 A.2d 991 (Pa. Cmwlth. 1989), *aff'd*, 594 A.2d 303 (Pa. 1991). Although effective against a state tort claim, the PSTCA has no force when applied to suits under the Civil Rights Acts. Id. (citing Cooper v. City of Chester, 810 F.Supp. 618 (E.D.Pa. 1992); Stock v. Forbes Health Sys., 697 F.Supp. 1399 (W.D.Pa. 1988)).

as a matter of law as to these defendants and Count Thirteen will be dismissed against defendants Falonk and Sheehan.

### 6.    Intentional Infliction of Emotional Distress

As previously discussed, in Count Fourteen of her complaint, the plaintiff alleges a claim for IIED against all defendants. The Western Wayne defendants argue that this count must also dismissed as to the Western Wayne School District on the basis of immunity under the PSTCA. Again, the plaintiff has not opposed the Western Wayne defendants' motion with respect to the Western Wayne School District, nor has she argued that this claim falls within one of the eight exceptions to immunity under the PTSCA. As such, the plaintiff's IIED claim will be dismissed as to the defendant Western Wayne School District.

With respect to the individual Western Wayne defendants, Falonk and Sheehan, they argue that they are entitled to high public official immunity as to this claim. Pennsylvania common law recognizes the doctrine of absolute immunity for "high public officials." Smith v. Sch. Dist. of Philadelphia, 112 F.Supp.2d 417, 425 (E.D.Pa. 2000). The doctrine of absolute privilege for high public officials under Pennsylvania law:

> is unlimited and exempts a high public official from all civil suits for damages arising out of false defamatory statements and even from statements or actions motivated by malice, provided the statements are made or the actions are taken in the course of the official's duties or powers and within the scope of his authority, or

31

as it is sometimes expressed, within his jurisdiction.

Heller v. Fulare, 454 F.3d 174, 177 (3d Cir. 2006) (quoting Matson v. Margiotti, 88 A.2d 892, 895 (Pa. 1952)). This doctrine was first articulated in the context of defamation suits based on statements from officials in the course of their official duties and within the scope of their authority, but has been extended outside the context of defamation, including to claims of retaliatory discharge, loss of consortium, invasion of privacy, and intentional infliction of emotional distress. Kelleher v. City of Reading, 2001 WL 1132401, at *4 (E.D.Pa. Sept. 24, 2001) (citing, *inter alia*, Ballas v. City of Reading, 2001 WL 73737, at *10-11 (E.D.Pa. Jan. 25, 2001); Smith, 112 F.Supp.2d at 425-26). "Pennsylvania courts have recognized that school superintendents . . . qualify as high public officials for purposes of this common law doctrine." Smith, 112 F.Supp.2d at 425 (further citation omitted).

Upon review of plaintiff's complaint, the alleged conduct of defendant Falonk occurred within the course of his duties or scope of authority. The plaintiff has not alleged any facts that would indicate that defendant Falonk's conduct fell outside the ambit of the scope of his public duties. Thus, this immunity applies to defendant Falonk and the defendants' motion to dismiss will be granted as such.

However, unlike school superintendents, principals and teachers do not qualify as high public officials for purposes of this common law immunity doctrine. Wagner v. Tuscarora Sch. Dist., 2005 WL 2319141 (M.D. Pa. Sept.

21, 2005) (citing Smith, 112 F.Supp.2d at 425 n.6), *aff'd*, 225 Fed. App'x. 68 (3d Cir. 2007). As such, high public official immunity does not apply to defendant Sheehan.

With respect to defendant Sheehan, it is also argued that he is entitled to immunity under the PTSCA. Although the plaintiff's IIED claim does not fall within one of the eight enumerated exceptions to the PTSCA, as discussed above, defendant Sheehan will not be immune where his conduct amounts to 'actual malice' or 'willful misconduct.' "Willful misconduct has been defined by the Pennsylvania Supreme Court as 'conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied.'" Id. (quoting Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. 1994)). By the very nature of the tort of IIED, it is a claim of willful misconduct, which would operate to deprive defendant Sheehan of immunity under the PTSCA. Thus, the Western Wayne defendants' motion to dismiss will be denied on this basis.

Finally, the Western Wayne defendants argue that this claim should be dismissed substantively. As with the plaintiff's IIED claim against defendant Stevens, the court finds that the plaintiff has alleged sufficient facts on the part of defendant Sheehan to allow the IIED claim to proceed as to him. Although the plaintiff's allegations are not to the extent as those alleged against defendant Stevens, one could find that, if true, the allegations against defendant Sheehan rise to the level sufficient to state a claim for IIED. As

such, the Western Wayne defendants' motion to dismiss the plaintiff's IIED claim against defendant Sheehan will be denied.

### 7. Qualified Immunity

With regard to the federal claims against them, defendants Falonk and Sheehan argue that they are entitled to qualified immunity. (Doc. 29, pp. 17-20). As to federal claims, public officials generally enjoy qualified immunity for their actions unless those actions violate clearly established constitutional rights of which a reasonable person would know. See, e.g., Anderson v. Creighton, 483 U.S. 635, 639-41 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982). The defendants bear the burden of establishing that they enjoy qualified immunity. See Ryan v. Burlington County, 860 F.2d 1199, 1204 n.9 (3d Cir. 1988). "[Q]ualified immunity [will] be defeated if an official knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff], or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury." Harlow, 457 U.S. at 815.

Here, defendants Falonk and Sheehan have not carried their burden of showing that they are entitled to qualified immunity with regard to the plaintiff's substantive due process claim. As school officials, these defendants should reasonably have known that failing to prevent defendant Stevens from further abusing minor female students by reporting his misconduct to authorities

34

and/or future employers would lead to further abuse of female students in the future. The court finds therefore that defendants Falonk and Sheehan are not entitled to qualified immunity as to the plaintiff's federal claims.

### 8. Punitive Damages

The Western Wayne defendants argue that the plaintiff's claim for punitive damages against a governmental entity such as the Western Wayne School District are barred unless expressly authorized by statute. (Doc. 29, p. 20) (citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981)). The plaintiff provides no argument to the contrary as to the Western Wayne School District, but only provides that "[i]ndividual defendants sued in their individual capacity are potentially liable for punitive damages to Plaintiff." (Doc. 43, p. 37) (citing Kessler v. Monsour, 865 F.Supp. 234, 242 (M.D.Pa. 1994)). The court agrees that the plaintiff cannot recover punitive damages against a governmental agency, such as the Western Wayne School District. As such, the Western Wayne defendants' motion to dismiss the punitive damages claim against the Western Wayne School District will be granted.

As to the claim for punitive damages against the individual defendants, based upon the rulings above, the plaintiff's claim for punitive damages against defendant Falonk will be dismissed. With respect to defendant Sheehan, the Western Wayne defendants argue that the plaintiff has failed to allege any actions which could rise to the level of outrageous conduct.

35

(Doc. 29, p. 21). The standard for punitive damages has been set forth above. The court finds that the plaintiff has set forth conduct on the part of defendant Sheehan which may entitle her to punitive damages. As discussed above, it cannot be said that the conduct alleged on behalf of defendant Sheehan does not rise to the level of outrageousness needed to proceed with a claim for punitive damages. Therefore, the Western Wayne defendants' motion to dismiss the plaintiff's claim for punitive damages against defendant Sheehan will be denied.

### C.   Lakeland Defendants' Motion to Dismiss

#### 1.   High Public Immunity/PSTCA Immunity

In their motion to dismiss, the Lakeland defendants argue that they are entitled to high public official immunity with regard to the plaintiff's state law claims against Billings-Jones and Kameroski in their individual capacities. (Doc. 28, pp. 6-8). While the plaintiff has addressed the Lakeland defendants' subsequent claims of qualified immunity and immunity under the PSTCA in her opposing brief, she has not addressed the Lakeland defendants' argument of entitlement to high public official immunity. (Doc. 44, pp. 11-16[10]).

The standard for high public official immunity as been set forth above.

_____

[10]The pages in the plaintiff's brief opposing the Lakeland defendants' motion to dismiss are misnumbered. As such, reference to page numbers for the plaintiff's opposing brief are to the CM/ECF header page numbers.

As indicated under that standard, while this immunity would apply to defendant Billings-Jones, it would not apply to defendant Kameroski. Upon review of plaintiff's complaint, the alleged conduct of defendant Billings-Jones occurred within the course of her duties or scope of authority. The plaintiff has not alleged any facts that would indicate that defendant Billings-Jones's conduct fell outside the ambit of the scope of her public duties. As such, defendant Billings-Jones is entitled to absolute high public official immunity from the state law claims asserted against her in Counts Nine, Ten, Eleven, Twelve and Fourteen of the plaintiff's complaint.

The Lakeland defendants further argue that they are entitled to immunity under the PSTCA. (Doc. 28, pp. 19-23). The specifics of this immunity are outlined above. As with the Western Wayne School District, the plaintiff does not argue that the Lakeland School District is not entitled to such immunity. Instead, she argues only that defendants Billings-Jones and Kameroski are not entitled to such immunity. As with the Western Wayne School District, the court does not find that any of the eight exceptions to immunity apply with respect to the Lakeland School District and the court finds therefore that the Lakeland School District is entitled to immunity pursuant to the PSTCA.

With respect to defendant Kameroski[11], as with the individual Western Wayne defendants, exceptions to immunity are provided for willful

---

[11]The court need not address defendant Billings-Jones, as it has already been found that she is entitled to absolute immunity as a high public official.

misconduct. Concerning the plaintiff's claims for negligence, negligent supervision and premises liability, as stated above, the very nature of these claims do not speak to willful misconduct. Therefore, defendant Kameroski is entitled to immunity under the PSTCA with respect to these claims.

## 2.    §1983 - Fourteenth Amendment

In Count Four of her complaint, the plaintiff sets forth a §1983 claim against the Lakeland defendants. As previously discussed, failing to take adequate precautions can provide a basis for recovery under §1983 for a violation of the Fourteenth Amendment. The plaintiff has stated that Lakeland knew about the inappropriate relationship between defendant Stevens and her, and that they failed to act. At this early stage of the proceedings, the plaintiff will be allowed to proceed with her §1983 due process claim against the Lakeland defendants[12].

## 3.    Title IX

The first element in a Title IX claim is that the school receives federal funding. The plaintiff has successfully alleged that Lakeland has received federal funding, which brings it under the requirements of Title IX. The second

---

[12]Although the Lakeland defendants do not argue the point, for the reasons set forth with respect to the Western Wayne defendants, the plaintiff's Fourth Amendment claim against the Lakeland defendants will be dismissed.

element of discrimination based on sex, for the same reasons in the corresponding part above, the plaintiff has alleged that she was discriminated against upon the basis of sex. As to the third element of having the act brought to the attention of an appropriate party, the plaintiff alleges that the principal and superintendent knew about the issues.

The final requirement is that there was knowledge and the responsible authority acted with indifference. The plaintiff alleges that, at the very least, defendant Kameroski had seen inappropriate contact between defendant Stevens and the plaintiff. She further alleges that personnel in the Lakeland School District knew that Defendant Stevens was spending an inordinate and inappropriate time with the plaintiff. She also contends that school personnel witnessed "inappropriate contact" between defendant Stevens and the plaintiff. The plaintiff alleges that, while having this knowledge, the Lakeland defendants deliberately failed to act on it, leading to her harm. Therefore, the plaintiff has alleged sufficient facts to state a claim under Title IX as to the Lakeland defendants. The Lakeland defendants' motion to dismiss this claim will be denied.

### 4.    Pennsylvania Constitution

For the reasons stated above with respect to the other defendants, the plaintiff's claim against the Lakeland defendants pursuant to Article I, Section 1 of the Pennsylvania Constitution fails to state a claim upon which relief can

be granted. The plaintiff's complaint will therefore be dismissed with respect to the Lakeland defendants on this count.

### 5.     Sexual and Simple Assault

As discussed above with respect to the Western Wayne defendants, the plaintiff only alleges in her complaint that the defendant Stevens had any physical contact with the plaintiff. She has not pled any facts to indicate that the Lakeland Defendants had any physical intimate contact with her. As such she has not pled sufficient facts and as to the Lakeland Defendants this claim must be dismissed.

### 6.     Intentional Infliction of Emotional Distress

In light of the above rulings, defendant Kameroski is the only remaining Lakeland defendant with respect to this claim (the School District is entitled to immunity under the PSTCA and defendant Billings-Jones is entitled to absolute high official immunity). As previously set forth, in order for the plaintiff to state a claim against defendant Kameroski for IIED, the plaintiff must establish that defendant Kameroski engaged in extreme and outrageous conduct, which was intentional or reckless. Further, it must cause emotional distress and that distress must be severe. Hoy, 691 A.2d at 482.

The plaintiff alleges that defendant Kameroski personally saw the inappropriate contact between defendant Stevens and the plaintiff and,

40

despite having personal knowledge of defendant Stevens's misconduct, he chose not to act. As a result of defendant Kameroski's actions, or inactions as it were, the plaintiff alleges that she was subjected to repeated sexual assaults by defendant Stevens which resulted in her suffering severe emotional distress. The failure of defendant Kameroski to act despite alleged direct knowledge of inappropriate contact between defendant Stevens and the plaintiff indicates a degree of willfulness here, which rises well beyond recklessness. See Global-Tech Appliances, Inc. V. SEB S.A., 131 S.Ct. 2060, 2070 (2011) (holding that where there might be an issue, choosing not to look further constitutes willful blindness and that willful blindness is treated as knowingly acting). At this stage of the proceedings, the court finds that the plaintiff has alleged enough to allow her IIED claim to go forward with respect to defendant Kameroski.

### 7.   Punitive Damages

Based upon the rulings above, the plaintiff's claim for punitive damages against the Lakeland School District and defendant Billings-Jones will be dismissed. With respect to defendant Kameroski, again, whether the plaintiff can sustain her claim for punitive damages has yet to be seen. However, at this early stage of the proceedings, the plaintiff has at least set forth enough facts to allow her to proceed.

41

## V.    CONCLUSION

For  the  above  stated  reasons  three  motions  to  dismiss  will  be

**GRANTED IN PART** and **DENIED IN PART**. An appropriate order shall issue.




_s/ Malachy E. Mannion_
MALACHY E. MANNION
United States District Judge

Date:  September 30, 2014

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2865-01.wpd