# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALEXANDRA KOBRICK,** | : | CIVIL ACTION NO. 3:13-CV-2865 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **MATTHEW STEVENS, LAKELAND** | : | |
| **SCHOOL DISTRICT, WESTERN** | : | |
| **WAYNE SCHOOL DISTRICT, DR.** | : | |
| **MARGARET BILLINGS-JONES,** | : | |
| **THOMAS KAMEROSKI, ANDREW** | : | |
| **FALONK, and PATRICK SHEEHAN,** | : | |
| | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 11th day of April, 2018, upon consideration of the motion (Doc. 174) *in limine* by plaintiff Alexandra Kobrick ("Kobrick") seeking to preclude testimony by defendant Matthew Stevens ("Stevens") on the subject of Kobrick's purported consent to inappropriate sexual conduct or to enter a sexual relationship, wherein Kobrick argues that any such testimony by Stevens is irrelevant because Kobrick could not consent as a matter of law, (id. ¶¶ 30-32), and that even if such testimony is relevant, it is unduly prejudicial as it risks confusing or misleading the jury into believing consent is a valid defense to the claims against Stevens, (id. ¶ 33), and the motion having been fully briefed, (Docs. 175, 183, 187), and the court observing that evidence is relevant if it renders a material fact either more or less probable than it would be absent the evidence, and relevant evidence is, as a general rule, admissible, FED. R. EVID. 401, 402, but that evidence may be excluded if its probative value is substantially outweighed by unfair prejudice, confusion of

the issues, or misleading the jury, FED. R. EVID. 403, and the court noting that, as a matter of law, "a minor student is incapable of consenting to sexual relations with her teacher," (Doc. 143 at 18, 19-20); see also Chancellor v. Pottsgrove Sch. Dist., 501 F. Supp. 2d 695, 705-06, 708 (E.D. Pa. 2007), such that any testimony by Stevens as to Kobrick's alleged consent is irrelevant to the claims asserted against Stevens *sub judice*, cf. Chancellor v. Pottsgrove Sch. Dist., No. 2:06-CV-1067, Doc. 97 at 7 (E.D. Pa. Jan. 8, 2008), and that any probative value is substantially outweighed by the likelihood that such testimony will confuse or mislead the jury to believe that consent is a valid defense to Kobrick's claims, and the court concluding that Stevens shall not be permitted to testify that Kobrick consented to any inappropriate sexual contact or a sexual relationship with Stevens while a minor student, it is hereby ORDERED that:

1. Kobrick's motion (Doc. 174) *in limine* is GRANTED.

2. Stevens may not raise consent as a defense at trial to the claims against him. He may not testify that Kobrick "consented to" any inappropriate sexual conduct by Stevens or that she "consented to" enter a sexual relationship with Stevens.

3. In accordance with the Federal Rules of Evidence, the court will instruct the jury that consent is an impermissible defense to liability.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania