IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALEXANDRA KOBRICK,** | : | CIVIL ACTION NO. 3:13-CV-2865 |
| Plaintiff | : | |
| v. | : | (Chief Judge Conner) |
| **MATTHEW STEVENS, LAKELAND SCHOOL DISTRICT, WESTERN WAYNE SCHOOL DISTRICT, DR. MARGARET BILLINGS-JONES, THOMAS KAMEROSKI, ANDREW FALONK, and PATRICK SHEEHAN,** | : | |
| Defendants | : | |

# **ORDER**

AND NOW, this 11th day of April, 2018, upon consideration of the motion (Doc. 176) *in limine* by plaintiff Alexandra Kobrick ("Kobrick") seeking to present the guilty plea of defendant Matthew Stevens ("Stevens") entered in the Court of Common Pleas of Lackawanna County, Pennsylvania as evidence of liability, wherein Kobrick argues: *first*, that Stevens' guilty plea to corruption of minors in violation of 18 PA. CONS. STAT. ANN. § 6301 establishes conclusively the material facts underlying his conviction and is therefore relevant to the related claims *sub judice*, (Doc. 176 ¶¶ 10, 15-17, 20), and that any prejudice to Stevens is neither unfair nor outweighed by the evidence's probative value, (id. ¶¶ 23, 25); and *second*, that Stevens' guilty plea is admissible as an admission by a party opponent pursuant to Federal Rule of Evidence 801(d)(2), (Doc. 176 ¶ 24), and the court noting that Stevens failed to oppose the motion (Doc. 176) despite having been given two opportunities to do so, and taking Kobrick's arguments in turn: *first*, the court

observing that evidence is relevant if it renders a material fact either more or less probable than it would be absent the evidence, and relevant evidence is, as a general rule, admissible, FED. R. EVID. 401, 402, and that evidence may be excluded if its probative value is substantially outweighed by unfair prejudice, FED. R. EVID. 403, and the court finding that Stevens' guilty plea would make a material fact to the instant litigation more likely, and that the evidence of Stevens' guilty plea and underlying facts are not unduly prejudicial since Stevens does not dispute that he pled guilty, (Doc. 101 ¶ 111), and thus concluding that Kobrick may introduce Stevens' guilty plea as evidence at trial; and *second*, as to Kobrick's argument that Stevens' guilty plea is also admissible as an admission by a party opponent, the court noting that an out-of-court statement which an opposing party adopts or believes to be true is not hearsay when offered against that opposing party, FED. R. EVID. 801(d)(2)(B), and the court finding that Stevens manifested his adoption of the government's recitation of the facts underlying the state criminal charge to which Stevens pled guilty, (see Doc. 175-1 at 49-52), and thus concluding that Kobrick may introduce Stevens' guilty plea as an admission by a party opponent, it is hereby ORDERED that:

1. Kobrick's motion (Doc. 176) *in limine* is GRANTED.

2. Kobrick may introduce Stevens' guilty plea to corruption of minors in violation of 18 PA. CONS. STAT. ANN. § 6301 as evidence of the facts underlying his conviction.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania