IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALEXANDRA KOBRICK,** | : | CIVIL ACTION NO. 3:13-CV-2865 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **MATTHEW STEVENS, LAKELAND SCHOOL DISTRICT, WESTERN WAYNE SCHOOL DISTRICT, DR. MARGARET BILLINGS-JONES, THOMAS KAMEROSKI, ANDREW FALONK, and PATRICK SHEEHAN,** | : | |
| Defendants | : | |

# ORDER

AND NOW, this 11th day of April, 2018, upon consideration of the motion (Doc. 178) *in limine* by plaintiff Alexandra Kobrick ("Kobrick") seeking a directed verdict pursuant to Federal Rule of Civil Procedure 50 as to liability on her claims *sub judice* against defendant Matthew Stevens ("Stevens"), wherein Kobrick argues that Stevens' guilty plea to corruption of minors in violation of 18 PA. CONS. STAT. ANN. § 6301, entered in the Court of Common Pleas of Lackawanna County, Pennsylvania, is conclusive proof that he violated Kobrick's constitutional rights pursuant to 42 U.S.C. § 1983, and committed assault and battery against Kobrick, (Doc. 178 ¶ 22), and the motion having been fully briefed, (Docs. 179, 184, 188), and it appearing that federal courts must give the same preclusive effect to a state court judgment as would the courts of that state, Metro. Edison Co. v. Pa. Pub. Util. Comm'n, 767 F.3d 335, 350 (3d Cir. 2014) (quoting Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985); Allen v. McCurry, 449 U.S. 90, 96

(1980)), and that under Pennsylvania law, a party invoking issue preclusion must establish that (1) the issue decided in the prior action is identical to the issue in the later litigation; (2) there was a final judgment on the merits; (3) the party against whom the doctrine of issue preclusion is asserted was a party to the prior action or in privity with a party thereto; (4) the party against whom the doctrine of issue preclusion is asserted had a full and fair opportunity to litigate the issue in question in the prior case; and (5) the determination of the issue in question in the prior action was "essential to the judgment," id. (quoting Office of Disciplinary Counsel v. Kiesewetter, 889 A.2d 47, 50-51 (Pa. 2005)), and it further appearing that under Pennsylvania law, "a criminal conviction collaterally estops a defendant from denying his acts in a subsequent civil trial," Ligato v. Wells Fargo Bank, N.A., No. 16-5683, 2018 WL 1141328, at *4 (E.D. Pa. Mar. 2, 2018) (quoting Shaffer v. Smith, 673 A.2d 872, 874 (Pa. 1996)), because a guilty plea "constitutes an admission to all the facts in the indictment," Linnen v. Armainis, 991 F.2d 1102, 1105 (3d Cir. 1993) (citing Commonwealth v. Mitchell, 535 A.2d 581, 585 (Pa. 1987)), but that any "reasonable doubt as to what was decided by a prior judgment should be resolved against using it as an estoppel," id. (quoting Gregory v. Chehi, 843 F.2d 111, 121 (3d Cir. 1988)), and the court agreeing that Stevens is collaterally estopped from denying the conduct for which he pled guilty to corruption of minors in state court,

(see Doc. 175-1 at 49-52), but the court further finding that judgment as a matter of law is premature at this juncture, see FED. R. CIV. P. 50(a)(1); see also Collins v. Boyd, 541 F. App'x 197, 204-05 (3d Cir. 2013) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149-50 (2000)) (nonprecedential), it is hereby ORDERED that:

1. Kobrick's motion (Doc. 178) *in limine* is GRANTED in part and DENIED in part.

2. Stevens is precluded from denying the conduct to which he pled guilty in his criminal case in the Court of Common Pleas of Lackawanna County, Pennsylvania.

3. Kobrick's request for a directed verdict on her claims *sub judice* is denied without prejudice to her right to renew her motion at the appropriate time during trial.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania